# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | : | |
| | : | |
| **v.** | : | **Case No. 0707021261** |
| | : | |
| **BEVERLY A. BAKER,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

This 9th day of June, 2020, upon consideration of Defendant's Motion for Sentence Modification and the State's Response, Defendant's Motion is **DENIED**.

It appears that:

1.      In September, 2007, Defendant was indicted for Murder First Degree and Possession of a Firearm During Commission of a Felony (PFDCF).  On July 7, 2008, a jury found the Defendant guilty of Manslaughter (a lesser included offense) and Possession of a Firearm During Commission of a Felony ("PFDCF").

2.      On July 29, 2008, Defendant filed a Motion for a Mistrial.  The Court denied the motion on February 12, 2009.

3.      On February 13, 2009, Defendant was sentenced to twenty years at Level V suspended after 10 years for decreasing levels of probation (Manslaughter) and ten years at Level V (PFDCF).  Defendant now, for the fourth time, seeks modification of her sentence.

4.	On February 20, 2009, Defendant filed her first Motion for Reduction of Sentence pursuant to Delaware Superior Court Criminal Rule 35.[1]  The Court denied the sentence reduction motion on May 5, 2009.

5.	Defendant then challenged her conviction in an appeal to the Supreme Court of Delaware.  On December 9, 2009, the Supreme Court affirmed Defendant's conviction and sentence.[2] The Delaware Supreme Court issued its Mandate on December 28, 2009 and the Mandate was filed with the Delaware Superior Court on January 4, 2010.

6.	The facts of the case are that:

---

[1] Delaware Superior Court Criminal Rule 35:

(a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) Reduction of Sentence. The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. This period shall not be interrupted or extended by an appeal, except that a motion may be made within 90 days of the imposition of sentence after remand for a new trial or for resentencing. The court may decide the motion or defer decision while an appeal is pending. The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 Del. C. § 4217. The court will not consider repetitive requests for reduction of sentence. The court may suspend the costs or fine, or reduce the fine or term or conditions of partial confinement or probation, at any time. A motion for reduction of sentence will be considered without presentation, hearing or argument unless otherwise ordered by the court.

(c) Correction of Sentence by Sentencing Court. The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error.

[2] *Baker v. State*, 2009 WL 4688947 (Del. Dec. 9, 2009).

(1)     Baker and Carl Block engaged in a romantic relationship for several years.  In June 2007, Block quietly commenced another romantic affair that Baker discovered by calling recently dialed numbers on his phone.  After a woman answered her investigative call, Baker hid Block's phone and returned her key to his apartment.  Block changed the locks.

(2)     Late at night, during the following month, Baker and Block met in the Town & Country Shopping Center parking lot.  Gun shots rang out and several witnesses saw a person lying on the ground.  As she stood over Block, Baker told another witness that he "just slipped."  Unsettled by Block's predicament, this witness later asked a restaurant employee to call 911.  When police arrived at the parking lot, Block lay on the ground with a gunshot to his chest and blood visible on his back.  Baker had left, and the police could not find the gun.

(3)     The State charged Baker with First Degree Intentional Murder and Possession of a Firearm During Commission of a Felony.  Baker claimed that depression over financial issues drove Block to commit suicide.[3]

7.     On March 9, 2011, after her unsuccessful appeal, Defendant then filed a Motion for Postconviction Relief pursuant to Delaware Superior Court Criminal Rule 61.[4]

8.     On November 9, 2011, the Court denied the postconviction relief motion.

9.     On February 9, 2016, Defendant filed a second Motion for Reduction of Sentence.

10.     On February 19, 2016, the Court denied the second Motion for Reduction of Sentence.

---

[3] *Id*. at *1.

[4] *State v. Baker*, 2011 WL 4638790, at *1 (Del. Super. Sept. 22, 2011).

11. On August 14, 2017, Defendant filed a third Rule 35 Motion seeking to have her probation transferred to Pennsylvania upon release from Level V.

12. On August 22, 2017, the Court granted transfer to Pennsylvania after completion of her Level V incarceration.

13. On May 8, 2020, Defendant filed the instant Motion for Sentence Modification.

14. On May 14, 2020, the State filed its Reply to the motion and strenuously objected.

15. As grounds for the instant Motion, Defendant asserts that extraordinary circumstances exist. Specifically, Defendant contends that the COVID-19 virus, her age (59), her health challenges (diabetes, hyperthyroidism, arthritis, high cholesterol, and GERD), and her participation in various rehabilitation programs all combine to necessitate an early release from prison. She also asserts that she is committed to making a positive change in the direction of her life, accepts responsibility for her offenses, and is remorseful for her conduct.

16. The State contends that Defendant's Motion is both repetitive and untimely. The State also asserts that the Department of Corrections has made no application on Defendant's behalf for a sentence reduction under 11 *Del. C.* §

4

4217(b).[5]  In addition, the State writes that Defendant has not established exceptional circumstances that would allow the Court to reduce her sentence. The State argues that Defendant has failed to show that she has a heightened risk of contracting COVID-19 or that adequate medical care is not available to her. Moreover, the State writes that Defendant's successful rehabilitative efforts do not constitute extraordinary circumstances.

17.  Before considering the merits of the Rule 35(b) Motion, the Court must first consider whether it is procedurally barred.[6]  Rule 35(b) bars untimely and repetitive motions.[7]  Defendant's Motion is not timely because it was not filed within 90 days of her sentence. Furthermore, Defendant's Motion is repetitive because Defendant filed three previous motions for sentence modification. Nevertheless, the Court will consider Defendant's untimely Motion for Sentence Modification to determine whether there are extraordinary circumstances.[8]

18.  As to Defendant's health issues and age in relation to the COVID-19 pandemic, the Court views this matter with great concern. As such, the Court wrote to the Department of Corrections to obtain a complete review of Defendant's

---

[5] 11 *Del. C.* § 4217(b): "The court may modify the sentence solely on the basis of an application filed by the Department of Correction for good cause shown which certifies that the release of the defendant shall not constitute a substantial risk to the community or the defendant's own self."

[6] *State v. Reed*, 2014 WL 7148921, at *3 (Del. Super. Ct. Dec. 16, 2014).

[7] *See State v. Redden*, 111 A.3d 602, 607, 609 (Del. Super. Feb. 16, 2015).

[8] *Id.*

medical conditions. On June 2, 2020, the Department of Corrections (the "DOC"), through the Delaware Department of Justice, responded. The DOC provided a full report on Defendant's medical condition and medical care. The DOC's medical director reviewed Defendant's medical records and determined that Defendant's "allegations regarding her medical care are not extraordinary."[9] Defendant's medical conditions include "Hypothyrodism (well-controlled), GERD, pre-diabetes, and intermittent dizziness."[10] A May 13, 2020 Medical Order, quoted in the DOC's response, shows that Defendant's medical conditions are being treated. In addition, the DOC states that "[n]o inmates at [the institution where Defendant is housed] have tested positive for COVID and the Department of Correction is actively monitoring offenders for potential symptoms."[11] The DOC concludes that Defendant is "no more vulnerable to COVID than the average person."[12]

19. Based on this report, it appears as though Defendant's medical issues are being addressed. Defendant has not shown that a serious medical condition was disregarded or is being disregarded.[13] Furthermore, the DOC's response to the Court's inquiry indicates that the prison is aware of Defendant's medical situation

---

[9] State's Letter of June 2, 2020, at 1-2.

[10] *Id*. at 2.

[11] *Id.* at 3.

[12] *Id*.

[13] *Szubielski v. Correct Care Solutions, LLC*, 2014 WL 5500229, at *2 (Del. Ch., Oct. 31, 2014), cited in *State v. Bednash*, 2020 WL 2917305, at *1 (Del. Super. June 3, 2020).

but, apparently, considers it institutionally manageable. The DOC has not petitioned the Court to release her pursuant to 11 *Del. C.* § 4217(b).

20. Defendant also cites her participation in numerous prison programs. The Court acknowledges that she has availed herself of many programs. However, the Court is not persuaded by her assertion that she should be released based on her belief that she has maxed out on what she can learn or that participation in additional programs would be of marginal value. Education, maturation, and insight are not grounds for release.[14]

21. While it is understandable that Defendant is worried about COVID-19 and would like to be released from prison so that she can go to Pennsylvania, Defendant has not shown sufficient grounds to grant release.

ACCORDINGLY, Defendant's Motion for Modification of Sentence is **DENIED**.

**IT IS SO ORDERED**.

*/s/ Diane Clarke Streett*
Diane Clarke Streett, Judge

---

[14] *See DeShields v. State*, 2012 WL 1072298, at *1 (Del. Mar. 30, 2012) ("This Court has held that participation in educational and rehabilitative programs, while commendable, does not, in and of itself, constitute "extraordinary circumstances" for purposes of Rule 35(b)."); *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002) ("A defendant's exemplary conduct and/or successful rehabilitation while imprisoned do not qualify as "extraordinary circumstances" within the purview of Rule 35 and are insufficient grounds for supporting a Rule 35 reduction of sentence.").

Original to Prothonotary

cc:    Maria T. Knoll, Esquire, Deputy Attorney General
        Gregory E. Smith, Esquire, Deputy Attorney General
        Michael W. Modica, Esquire