# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE    :

                      :

v.                     :      ID No. 1802006314

                      :

ROBERT WILKERSON    :

                      :

        Defendant.    :

## ORDER

This 17th day of June, 2020, upon consideration of Defendant's Motion for Sentence Modification (filed on April 28, 2020, but received in Chambers on May 29, 2020) and the State's Response thereto, Defendant's Motion is **DENIED**.

It appears that:

1.      On January 8, 2019, Defendant entered a guilty plea to the charges of Possession of a Firearm During the Commission of a Felony ("PFDCF") and Aggravated Possession.

2.      On April 26, 2019, Defendant was sentenced, effective January 8, 2019, to five years at Level V (PFDCF) and ten years at Level V suspended for decreasing levels of probation (Aggravated Possession). His expected release date is May 29, 2023.

3.    On April 28, 2020, approximately one year later, Defendant filed the instant Motion for Sentence reduction pursuant to Delaware Superior Court Criminal Rule 35.[1]

4.    As grounds for the instant Motion, Defendant asserts that extraordinary circumstances exist.  Specifically, Defendant contends that he has a serious medical condition that makes him more vulnerable to contract the COVID-19 virus and more susceptible to complications from the virus.  As such, he requests early release from prison. Defendant's mother and fiancé also submitted letters seeking early release (his mother also adds that his prison circumstance adversely impacts her diabetes, fibromyalgia, and high blood pressure).

---

Delaware Superior Court Criminal Rule 35:

**(a) Correction of Sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

**(b) Reduction of Sentence.** The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. This period shall not be interrupted or extended by an appeal, except that a motion may be made within 90 days of the imposition of sentence after remand for a new trial or for resentencing. The court may decide the motion or defer decision while an appeal is pending. The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 Del. C. § 4217. The court will not consider repetitive requests for reduction of sentence. The court may suspend the costs or fine, or reduce the fine or term or conditions of partial confinement or probation, at any time. A motion for reduction of sentence will be considered without presentation, hearing or argument unless otherwise ordered by the court.

**(c) Correction of Sentence by Sentencing Court.** The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error.

5. On June 12, 2020, the State filed its response and objects to any reduction of sentence. The State contends that Defendant's Motion is untimely and does not set forth extraordinary circumstances. The State adds that the Department of Corrections has made no application on Defendant's behalf for a sentence reduction under 11 *Del. C.* § 4217(b).[2] The State argues that Defendant has failed to show that he has a heightened risk of contracting COVID-19 or that adequate medical care is not available to him.

6. Before considering the merits of the Rule 35(b) Motion, the Court must first consider whether it is procedurally barred.[3] Rule 35(b) bars untimely and repetitive motions.[4] Although this appears to be Defendant's first Motion, it is not timely because it was filed more than 90 days after his sentence.[5] Nevertheless, the Court will consider Defendant's untimely Motion for Sentence Modification to determine whether there are extraordinary circumstances.[6]

7. As to Defendant's health issues in relation to the COVID-19 pandemic, the Court views this matter with great concern. As such, the Court

[2] 11 *Del. C.* § 4217(b): "The court may modify the sentence solely on the basis of an application filed by the Department of Correction for good cause shown which certifies that the release of the defendant shall not constitute a substantial risk to the community or the defendant's own self."

[3] *State v. Reed*, 2014 WL 7148921, at *3 (Del. Super. Dec. 16, 2014).

[4] *See State v. Redden*, 111 A.3d 602, 607, 609 (Del. Super. Feb. 16, 2015).

[5] *Id.*

[6] *Id.*

3

wrote to the Department of Corrections to obtain a complete review of Defendant's medical conditions. On June 11, 2020, the Department of Corrections (the "DOC"), through the Delaware Department of Justice, responded. The DOC provided a full report on Defendant's medical condition and medical care. The DOC explained that Defendant has a diagnosed heart condition known as Brugada syndrome and has an automated implanted cardioverter-defibrillations ("AICD") which had been implanted in 2015. The DOC adds that Defendant "has been doing very well since then" and notes that there have not been any sick calls or medical complaints since last year (an April 2019 visit).[7]

8.   The DOC report concluded that Defendant's "allegations regarding his medical care are not so extraordinary as to prompt the DOC to petition for reduction of his sentence pursuant to 11 *Del. C.* § 4217."[8] It further states that "[t]he DOC has provided [Defendant] with appropriate medical care during his incarceration and has no plan to petition for his sentence reduction pursuant to 11 *Del. C.* § 4217."[9]

9.   Based on this report, it appears as though Defendant's medical issues are being addressed. Defendant has not shown that a serious medical condition

---

[7] DOC's Response, at 2.

[8] *Id.* at 1.

[9] *Id.* at 2.

4

was disregarded or is being disregarded.[10] Furthermore, the DOC's response to the Court's inquiry indicates that the prison is aware of Defendant's medical situation but, apparently, considers it institutionally manageable. The DOC has not petitioned the Court to release her pursuant to 11 *Del. C.* § 4217(b).

10. Furthermore, Defendant's Mother's letter, wherein she expresses her fear and its impact on her health, is not a persuasive ground for release. The law is clear that family hardship is not an extraordinary circumstance.[11]

11. While it is understandable that Defendant is worried about COVID-19 in relation to his medical problem and care, Defendant has not shown sufficient grounds to grant early release from completion of his mandatory Level V sentence.

ACCORDINGLY, Defendant's Motion for Sentence Reduction is **DENIED**.

**IT IS SO ORDERED**.

/s/ Diane Clarke Streett
Diane Clarke Streett, Judge

Original to Prothonotary
cc:    Zachary Rosen, Esquire, Deputy Attorney General
       Gregory E. Smith, Esquire, Deputy Attorney General
       Robert Wilkerson, Defendant

---

[10] *Szubielski v. Correct Care Solutions, LLC*, 2014 WL 5500229, at *2 (Del. Ch., Oct. 31, 2014), cited in *State v. Bednash*, 2020 WL 2917305, at *1 (Del. Super. June 3, 2020).

[11] *State v. Liket*, 2002 WL 31133101, at *3 (Del. Super. Sept. 25, 2002) ("Irrespective of Defendant's current life situation, courts have consistently rejected familial hardship claims as a basis for granting a <u>Rule 35</u> motion. The considerations of familial hardship and financial difficulties were important factors that Defendant should have considered before undertaking the criminal acts for which he was convicted. The Defendant's lack of foresight or future concerns for his family and home are not issues for this Court to consider.") (internal citations removed).

5