# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. ) I.D. No. 1302013656
)
DONOVAN GARVIN, )
)
Defendant. )

Date Submitted: July 25, 2022
Date Decided: August 3, 2022

## ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF PROBATION

Upon consideration of Defendant's "Motion for Modification of Probation;"[1]

the State's Response thereto;[2] and the record in this case, **IT APPEARS THAT**:

1.      On August 28, 2013, Defendant pled guilty to one count of Sexual

Abuse of a Child by a Person in a Position of Trust, First Degree ("Child Abuse")

and was sentenced to 13 years at Level 5 followed by decreasing levels of probation.

2.      This is Defendant's fourth motion for modification under Rule 35.[3]  His

first three were denied by the Court.[4]

3.      Defendant asks the Court to remove the Level 4 Home Confinement

portion of his sentence so that he can apply to transfer his probation to South

---

[1] D.I. 40.
[2] D.I. 43.
[3] *See* D.I. 14 (Rule 35(b)); D.I. 36 (Rule 35(a)); D.I. 38 (Rule 35(b)); D.I. 40 (Rule 35(b)).
[4] *See* D.I. 15; D.I. 37; D.I. 39.

Carolina pursuant to an Interstate Compact Agreement.[5]

4.     In response, the State argues Defendant knowingly and voluntarily agreed to the conditions of his supervised release which he now challenges.[6] According to the State:

> The defendant, "no doubt, reaped the benefits of that express agreement – his charged offenses went from [forty-five to one]; his sentence exposure went [from a minimum mandatory of 102 years of incarceration to 13 years.] But he now unabashedly asks the Court to undercut that bargain" by modifying the conditions of his "agreed-upon sentence."[7]

The State further argues that Defendant's assertion that he does not meet the residency requirement to qualify for home confinement does not render the originally agreed upon sentence inappropriate, nor would it have led the Court to impose a different sentence on Defendant at the time of the signing of the plea agreement.[8]

5.     Rule 35(b) mandates that "[t]he [C]ourt *will not* consider repetitive requests for reduction of sentence."[9] "[T]his bar is absolute and flatly 'prohibits

---

[5] D.I. 40, at *2.
[6] D.I. 43.
[7] D.I. 43 (citing *State v. Felton*, 2022 WL 189327, at *2 (Del. Super. Jan. 20, 2022).
[8] *Id.*
[9] Super. Ct. Crim. R. 35(b).  Unlike the 90-day jurisdictional limit with its "extraordinary circumstances" exception, the bar to repetitive motions has no exception.  *See Redden*, 111 A.3d, at 608 (citing *Giuricich v. Emtrol Corp.,* 449 A.2d 232, 238 (Del.1982) ("[W]here a provision is expressly included in one section of a statute, but is omitted from another, it is reasonable to assume that the Legislature was aware of the omission and intended it."); *see also Adoption of Swanson*, 623 A.2d 1095, 1097 (Del.1993) (citing *Giuricich*, 449 A.2d at 238) ("A court may not engraft upon a statute language which has been clearly excluded therefrom.")).

repetitive requests for reduction of sentence.'"[10] "As our Supreme Court and this Court have consistently held, Rule 35(b) prohibits consideration when the request is for sentence reduction, modification of a term of partial confinement, or probation."[11] The bar to repetitive motions has no exception.[12] Accordingly, Defendant's motion is procedurally barred.

6. Pursuant to Superior Court Criminal Rule 35(b), the Court "may . . . reduce the . . . term or conditions of partial confinement or probation at any time."[13] "The burden is upon the movant to establish cause to modify a lawfully imposed sentence."[14] Although the rule does not set forth specific criteria which must be met before the Court may grant a Rule 35(b) motion, common sense dictates that the Court may modify a sentence if present circumstances indicate that the previously imposed sentence is no longer appropriate."[15]

---

[10] *Redden*, 111 A.3d, at 609 (quoting *Thomas v. State,* 2002 WL 31681804, at *1 (Del. Nov. 25, 2002). *See also Jenkins v. State,* 2008 WL 2721536, at *1 (Del. July 14, 2008) (Rule 35(b) "prohibits the filing of repetitive sentence reduction motions"); *Morrison v. State,* 2004 WL 716773, at *2 (Del. Mar. 24, 2004) ("motion was repetitive, which also precluded its consideration by the Superior Court"); *Duffy v. State,* 1998 WL 985332, at *1 (Del. Nov. 12, 1998) (as court had denied original, timely Rule 35(b) motion, "Rule 35(b) ceased to be a viable option" for seeking sentence reduction)).

[11] *See Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011); *State v. Bennett*, 2015 WL 1746239, at *2 (Del. Super. Apr. 13, 2015); *State v. Weidlow*, 2015 WL 1142583, at *1–2 (Del. Super. Mar. 11, 2015).

[12] *See Culp*, 152 A.3d at 144; *State v. Redden,* 111 A.3d 602, 608–09 (Del. Super. 2015).

[13] Super. Ct. Crim. R. 35(b).

[14] *State v. Joseph*, 2018 WL 1895697, at *1 (Del. Super. Apr. 11, 2018).

[15] *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017).

7.    The sentence is appropriate for all the reasons stated at the time of sentencing.  No additional information has been provided to the Court which would warrant a reduction or modification of sentence.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's "Motion for Modification of Probation" is **DENIED**.

_____/s/ Jan R. Jurden_____
Jan R. Jurden, President Judge

cc:    Original to Prothonotary
       Kristin M. Dewalt, DAG
       Donovan Garvin (SBI# 00440349)