# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
         )
    v.               )     I.D. No. 0804024505
         )
CHRISTOPHER WEHDE,      )
         )
     Defendant.      )

Date Submitted:  December 15, 2022
Date Decided:  February 13, 2023

## ORDER

Upon consideration of Defendant's "Motion for Reduction of Partial Confinement" ("Motion"),[1] Defendant's accompanying letter,[2] statutory and decisional law, and the record in this case, **IT APPEARS THAT**:

(1)    On January 21, 2009, Defendant pled guilty to Rape Fourth Degree, Sexual Solicitation of a Child, and Conspiracy Second Degree.[3]  By Order dated April 7, 2009,[4] effective May 22, 2008, Defendant was sentenced as follows:  as to Rape Fourth Degree, 15 years at Level V with credit for 1 day previously served; as to Sexual Solicitation of a Child, 15 years at Level V, suspended after 4 years for 1

---

[1] D.I. 244.
[2] *Id.*
[3] D.I. 52.
[4] D.I. 85.  In the April 2009 Sentence Order, Defendant was ordered not to have contact with Christopher Shumate and Michelle Walsh.  The Sentence Order has since been modified twice, on July 20, 2016, and October 21, 2016, and now reflects that Defendant is not to have any "unlawful contact" with Mr. Shumate or Ms. Walsh.  D.I. 190; D.I. 197.

year at Level IV Home Confinement, followed by decreasing levels of supervision; and as to Conspiracy Second Degree, 2 years at Level V, suspended for 2 years at Level III.[5] In total, the Court sentenced Defendant to 19 years of unsuspended Level V time.

(2)     On December 16, 2022, Defendant filed the instant motion seeking modification of his sentence pursuant to Superior Court Criminal Rule 35(b).[6] In his Motion and the accompanying letter, Defendant states that he is "4 months shy of 15 years" and asks the Court to "suspend [the] remainder for Level III probation or 3 months of Level [IV] Home Confinement."[7] In support of his Motion, Defendant cites his rehabilitative efforts, employment record, and familial hardship.[8] Defendant also suggests that he is better suited to a shorter period of home confinement.[9]

(3)     It is unclear whether Defendant is requesting that the Court suspend the remainder of his unsuspended Level V sentence in exchange for a probationary sentence at Level III or Level IV, or if he is requesting that the Court suspend the entirety of his sentence at all levels in exchange for a probationary sentence at Level

---

[5] D.I. 197.  The probation for Conspiracy Second Degree is to run consecutively with Defendant's probation for Sexual Solicitation of a Child.
[6] D.I. 244.
[7] *Id.*
[8] *Id.*
[9] *Id.*

III or Level IV.[10]

    (4)    Rule 35(b) governs motions for modification or reduction of sentence.[11] "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[12] The Court "may . . .[however]. . . reduce the . . . term or conditions of partial confinement or probation at any time."[13] Rule 35(b) also mandates that "[t]he [C]ourt *will not* consider repetitive requests for reduction of sentence."[14] "[T]his bar is absolute and flatly 'prohibits repetitive requests for reduction of sentence.'"[15] "As our Supreme Court and this Court have consistently held, Rule 35(b) prohibits consideration when the request is for sentence reduction, modification of a term of partial confinement, or probation."[16] The bar to repetitive motions has no exception.[17]

---

[10] Although Defendant is nearing the end of his 15-year sentence for Rape Fourth Degree, he still has to serve his 4 years of unsuspended Level V time for Sexual Solicitation of a Minor. On Sexual Solicitation of a Minor the Defendant was sentenced to 15 years of Level V time *suspended after 4 years*, followed by decreasing levels of supervision.

[11] Super. Ct. Crim. R. 35(b).

[12] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[13] Super. Ct. Crim. R. 35(b).

[14] *Id.* (emphasis added).

[15] *State v. Redden*, 111 A.3d 602, 609 (Del. Super. 2015) (quoting *Thomas v. State,* 2002 WL 31681804, at *1 (Del. Nov. 25, 2002)).

[16] *See Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011); *State v. Bennett*, 2015 WL 1746239, at *2 (Del. Super. Apr. 13, 2015); *State v. Weidlow*, 2015 WL 1142583, at *1–2 (Del. Super. Mar. 11, 2015).

[17] *See Culp*, 152 A.3d at 144; *Redden,* 111 A.3d, at 608–09.

(5)     Regardless of whether Defendant is seeking modification of his Level IV sentence or his Level V sentence, this is Defendant's *fourth* motion seeking relief under Rule 35(b)[18] and it is therefore procedurally barred as repetitive.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's fourth Motion for Modification of Probation is **DENIED**.

/s/ Jan R. Jurden

Jan R. Jurden, President Judge

cc:     Original to Prothonotary
        Renee L. Hrivnak, DAG
        Christopher Wehde (SBI #00278637)

---

[18] *See* D.I. 113; D.I. 240; D.I. 242.  Defendant's previous motions were denied by the Court.  *See* D.I. 114; D.I. 241; D.I. 243.