# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY


| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **ID. Nos. 1101020888 &1102008321** |
| | ) | |
| | ) | |
| **DARRELL T. REDDEN** | ) | |


Submitted: December 9, 2014
Decided: February 16, 2015


## OPINION

*Upon Defendant, Darrell T. Redden's,*
*Motion for Sentence Reduction or Modification,*
**DENIED**.



Joseph S. Grubb, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, for the State of Delaware.

Michael W. Modica, Esquire, Wilmington, Delaware, for Defendant Darrell T. Redden.



**WALLACE, J.**

## I.  INTRODUCTION

Before the Court is Defendant, Darrell T. Redden's, motion for sentence reduction and modification.  Redden was sentenced on June 6, 2011 and now, for the second time, asks the Court to reduce the length of his imprisonment.  He also, for the first time, seeks modification of his term of partial confinement.  Because Redden's application to reduce his sentence of imprisonment is procedurally barred, it must be **DENIED**.  And after review of the merits of his lone viable claim, the Court, exercising its discretion under Rule 35(b), **DENIES** Redden's request for modification of the conditions of his term of partial confinement.

## II.  FACTUAL AND PROCEDURAL BACKGROUND[1]

In late January 2011, Darrell T. Redden's car was stopped by the police for traffic violations.  Redden gave the police officer a false name (his brother's), and was detained while the officer tried to confirm his actual identity.  When searched, Redden was found to have $2,500 cash on him and a digital scale in his boot.  Though no actual drugs were found therein, a drug-sniffing dog "hit" on Redden's car.  Redden was arrested and made bail.

---

[1]     The facts of Redden's offenses are drawn from his own prior postconviction motion.  *See* Memorandum in Support of Post-conviction Relief Motion, *State v. Darrell T. Redden*, ID No. 11020008321 (Del. Super. Ct. June 15, 2012) (D.I. 23).  The procedural history is derived from the Court's thorough review of the parties' filings in the instant sentence reduction proceeding, the Court's files, and the complete sentencing record relating to the three cases involved.

Law enforcement meanwhile continued investigating Redden, suspecting that he was engaged in illegal drug sales. A baggie with cocaine residue was discovered during a "trash pull" of discarded garbage at Redden's home. A later search of his residence yielded a loaded semi-automatic handgun. Redden, a person prohibited due to previous felony convictions, was arrested for the illegal possession of this weapon. At the time, he had pending drug charges and was pending a hearing for violating the terms of probated sentences previously imposed in other matters.

Redden pleaded guilty on June 6, 2011 to Possession of Ammunition by a Person Prohibited and Maintaining a Vehicle for Keeping a Controlled Substance. He was sentenced that same day to serve: Possession of Ammunition by a Person Prohibited – eight years at Level V suspended after serving three years for five years at Level IV (Home Confinement or Halfway House) suspended after serving six months at Level IV for 18 months of Level III; and Maintaining a Vehicle – three years at Level V suspended for 18 months of Level III.[2]

---

[2] *See* Plea Agreement and TIS Guilty Plea Form, *State v. Darrell T. Redden*, ID Nos. 1102008321 & 1101020888 (Del. Super. Ct. June 6, 2011). By this time, Redden had been before the Court for a contested hearing for violating conditions of his probated sentences ("VOP") arising from earlier drug delivery and felony assault convictions. He was found in violation due, in part, to his new criminal conduct and was sentenced to serve four years of imprisonment followed by probation. *See* VOP Sentencing Order, *State v. Darrell Redden*, ID Nos. 0807046644 & 0705019473 (Del. Super. Ct. March 23, 2011). The existence of the VOP sentence is cited as a basis for reduction of the subject sentence, but the VOP sentence itself is not contested in this proceeding. Nor is Redden's sentence for the maintaining a vehicle charge.

On April 13, 2012, Redden docketed his first motion under Superior Court Criminal Rule 35(b) requesting reduction of this Level V term. This relief was appropriate, he urged, because: (1) he was "misguided" and "wrongly informed" by his counsel; (2) his sentence exceeded SENTAC guidelines; and (3) given the guidelines and his VOP sentence, his sentence was "a bit harsh" – he "was sentenced too severely."[3] The Court considered Redden's application under the provisions of Criminal Rule 35(b),[4] Redden's "presentence report/prior record, and the sentence imposed upon [him]."[5] The Court denied Redden's motion because: (1) it "was filed more than 90 days after the imposition of [his] sentence and [wa]s, therefore, time-barred"; (2) the Court "d[id] not find the existence of any extraordinary circumstances" to overcome the 90-day time limitation; and (3) the Court found the sentence "is appropriate for all the reasons stated at the time of sentencing" and there was "[n]o additional information . . . provided to the Court . . . warrant[ing] a reduction or modification of this sentence."[6]

---

[3] D.I. 19.

[4] *Jones v. State*, 2003 WL 21210348, at \*1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[5] *State v. Darrell T. Redden*, ID No. 1102008321 (Del. Super. Ct. May 14, 2012) (ORDER) (denying first Rule 35(b) motion) (D.I. 20).

[6] *Id.*

On August 4, 2014—over three years after his sentence was imposed—Redden filed this second Rule 35(b) motion for sentence reduction or modification. This time through counsel, Redden seeks a suspension or reduction of the Level V portion of his sentence, or, alternatively, a suspension of a portion of his sentence for completion of the Level V Key program. He also requests the Level IV portion of his sentence be designated home confinement.[7]

## III. DISCUSSION

When considering a motion for sentence reduction under Rule 35(b), this Court addresses any applicable procedural bars before turning to the merits.[8] This policy protects the integrity of the Court's rules and the finality of its sentencing judgments.[9] While "[a]ddressing the merits of a case that does not meet procedural requirements effectively renders our procedural rules meaningless."[10] So when the Court does decide Rule 35's procedural requirements are met or a procedural bar is either applicable or is overcome, it should do so with

---

[7]    Def.'s Mot. to Modify Sent., at 1-2, 5; Def.'s Supp. Ltr. of Dec. 9, 2014, at 1 (D.I. 39).

[8]    *State v. Reed*, 2014 WL 7148921, at *3 (Del. Super. Ct. Dec. 16, 2014).

[9]    *See State v. Johnson*, 2006 WL 3872849, at *3 (Del. Super. Ct. Dec. 7, 2006) (purpose and structure of sentence reduction rules "is to uphold the finality of sentences"). *See also* ABA STANDARDS FOR CRIMINAL JUSTICE: SENTENCING §18-7.1 (3d ed. 1994) ("The rules of procedure should authorize a sentencing court, upon motion . . . to reduce the severity of any sentence. The rules should restrict the time for reduction in severity of a sentence to a specified period after imposition of a sentence.").

[10]    *Reed*, 2014 WL 7148921, at *3.

"particularity sufficient to discharge [the judge's] 'duty to make a record to show what factors [were] considered and the reasons for [the] decision.'"[11]

The provisions of this Court's Criminal Rule 35(b) pertinent to Redden's motion state:

> *Reduction of sentence.* The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. . . . The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217. The court will not consider repetitive requests for reduction of sentence. The court may . . . reduce the . . . term or conditions of partial confinement or probation, at any time.

It is this language that controls the Court's consideration of Redden's present application.[12]

> **A. Redden Can Only Have His Sentence of Imprisonment Reduced If He Demonstrates Extraordinary Circumstances Exist that Excuse His Untimely Rule 35(b) Motion.**

The purpose of Superior Court Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[13] Where a motion for reduction of sentence of imprisonment is filed within 90 days of sentencing, the Court has broad discretion to decide if it should

---

[11] *B.E.T., Inc. v. Bd. of Adjustment of Sussex County*, 499 A.2d 811, 811 (Del. 1985) (per curiam) (quoting *Storey v. Camper*, 401 A.2d 458, 466 (Del. 1979)).

[12] *See supra* note 4.

[13] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

alter its judgment.[14]  "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[15]

Rule 35(b) requires that an application to reduce imprisonment be filed promptly[16] – i.e. within 90 days of the sentence's imposition – "otherwise, the Court loses jurisdiction" to act thereon.[17]  An exception to this bar exists:  to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his or her own motion must demonstrate "extraordinary circumstances."[18]  A heavy burden is placed on the inmate to establish "extraordinary circumstances" in order to "uphold the finality of sentences."[19]

---

[14]     *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[15]     *State v. Remedio*, -- A.3d --, --, 2014 WL 7476400, at *3 (Del. Super. Ct. 2014) (internal citations omitted).

[16]     *See, e.g.*, R.I. Super. Ct. R. Crim. P. 35, historical note (1972) (noting such a provision is "intended to provide the court with an opportunity during a limited period after sentencing to exercise leniency in the event the court, for some reason, determines that the sentence imposed was unduly severe or a shorter sentence would be desirable").

[17]     *In re Nichols*, 2004 WL 1790142, at *1 (Del. Super. Ct. July 20, 2004); *see also State v. Lewis*, 797 A.2d 1198, 1205 (Del. 2002) (Steele, J., dissenting) ("after 90 days . . . the judiciary may not consider [an inmate's plea for leniency] except where 'extraordinary circumstances' may have prevented the applicant from seeking the remedy on a timely basis").

[18]     *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphasis added).

[19]     *State v. Johnson*, 2006 WL 3872849, at *3 (Del. Super. Ct. Dec. 7, 2006).

Recognizing his untimeliness, Redden tries to cast his claims of "good faith effort towards his rehabilitation" as "extraordinary circumstances."[20]

### B. Rehabilitative Efforts Do Not Constitute "Extraordinary Circumstances" As Would Justify A Sentence Reduction.

While this Court exercises broad discretion in determining whether a situation or set of individual factors can be viewed as constituting "extraordinary circumstances" permitting consideration of an untimely Rule 35(b) motion,[21] that term does have certain lineamental features defining it. "Extraordinary circumstances" are those which *specifically justify the delay*"; are "entirely beyond a petitioner's control"; and "have prevented the applicant from seeking the remedy on a timely basis."[22]

Redden fails to acknowledge that "[w]hile participation in rehabilitation programs is commendable, it is well-settled that such participation, in and of itself, is insufficient to merit substantive review of an untimely motion for sentence reduction."[23] There are, at least, two reasons for this.

---

[20]    Def.'s Mot. to Modify Sent., at 3. Redden also argues that: (1) his sentence is "arguably excessive," "disproportionate," and "exorbitant"; and (2) his extended family is in need of his support. *Id.*; Def.'s Supp. Ltr. of Sept. 11, 2014, at 2 (D.I. 37); Ex. to Def.'s Supp. Ltr. of Dec. 9, 2014, at 2 (D.I. 39).

[21]    *State v. Lewis*, 797 A.2d 1198, 1202 (Del. 2002)).

[22]    *State v. Remedio*, -- A.3d --, --, 2014 WL 7476400, at *4 (Del. Super. Ct. 2014) (quoting *Lewis*, 797 A.2d at 1203, 1205) (emphasis in original).

[23]    *Triplett v. State*, 2008 WL 802284, at *1 (Del. Mar. 27, 2008); *see also Sweeten v. State*, 2011 WL 2362597 (Del. June 13, 2011); *Boyer v. State*, 2010 WL 2169511 (Del. May 18, 2010);

First, an inmate's rehabilitative efforts are "entirely [within] a petitioner's control";[24] they do meet the accepted *Lewis* definition.

Second, the language of the sentence reduction rule forecloses a claim of rehabilitation as an "extraordinary circumstance." Rule 35(b) expressly provides that the Superior Court may reduce a sentence upon application outside of 90 days of the imposition of the sentence "only in extraordinary circumstances *or* pursuant to 11 *Del. C.* § 4217."[25] Cause to reduce an inmate's level of custody or time to be served via a § 4217 application includes "rehabilitation of the offender."[26] The normal rules of statutory construction and interpretation are equally applicable to both Rule 35(b) and § 4217.[27] An enacting or adopting "body is presumed to have inserted every provision for some useful purpose and construction, and when different terms are used in various parts of a [rule] it is reasonable to assume that a

---

*Morgan v. State*, 2009 WL 1279107 (Del. May 11, 2009); *Jones v. State*, 2003 WL 356788 (Del. Feb. 14, 2003); *Allen v. State,* 2002 WL 31796351 (Del. Dec. 11, 2002); *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Ct. Sept. 25, 2002) ("Exemplary conduct and/or successful rehabilitation while imprisoned do not qualify as 'extraordinary circumstances' within the purview of Rule 35 and are insufficient grounds for supporting a Rule 35 reduction of sentence.").

[24]    *Lewis*, 797 A.2d at 1205.

[25]    Super. Ct. Crim. R. 35(b) (emphasis added).

[26]    DEL. CODE ANN. tit. 11, §§ 4217(b)-(c) (2014).

[27]    *Lewis*, 797 A.2d at 1201.

-9-

distinction between the terms was intended."[28]  Thus, when Rule 35(b) expressly

sets forth two different circumstances under which the Court is empowered to

reduce a sentence more than 90 days after its imposition, it must be viewed as two

distinct exceptions to the 90-day bar.  That the predicate of what constitutes

"extraordinary circumstances" is separate and distinct from the factors supporting

review under 11 *Del. C.* § 4217 is obvious from the disjunctive language of the

rule.[29]  In short, it is clear from the rule's language itself that alleged rehabilitation

is not the stuff of which a claim of "extraordinary circumstances" is made.[30]

Instead, such claims are properly addressed under title 11, section 4217.[31]

### C.  Redden's Motion, Because It Is Repetitive, Is Expressly Barred by Rule 35(b).

Also found in Rule 35(b) is a separate and more unforgiving bar: "[t]he

[C]ourt *will not* consider repetitive requests for reduction of sentence."[32]  Unlike

---

[28]      *Giuricich v. Emtrol Corp.*, 449 A.2d 232, 238 (Del. 1982) (internal quotation omitted).

[29]      *See Dennis v. State*, 41 A.3d 391, 394 (Del. 2012) (use of the disjunctive "or" consistently understood as distinguishing alternative elements).

[30]      *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Ct. Sept. 25, 2002) ("[S]ince the purpose of 11 *Del. C.* § 4217 is to directly address modification of sentence based on a defendant's rehabilitation efforts, and 11 *Del. C.* § 4217 is included within the constructs of Rule (35), it is evident that 11 *Del. C.* § 4217 is the appropriate governing statute through which Defendant may be entitled to a reduction in his sentence based on rehabilitation.").

[31]      *Henry v. State*, 2009 WL 3286068, at *1 (Del. Oct. 13, 2009).  *Ketchum v. State*, 2002 WL 1290900 (Del. June 10, 2002) (completion of numerous programs not "extraordinary circumstances"; instead such circumstances might warrant court to instruct defendant to seek DOC's recommendation for 11 *Del. C.* §4217 relief); *Liket*, *supra* note 30.

[32]      Super. Ct. Crim. R. 35(b) (emphasis added).

the 90-day jurisdictional limit with its "extraordinary circumstances" exception, the bar to repetitive motions has no exception. [33]  Instead, this bar is absolute and flatly "prohibits repetitive requests for reduction of sentence."[34]

Redden filed his first motion for sentence reduction under Rule 35(b) in April 2012,[35] which the Court denied.  Redden filed this second Rule 35(b) motion in August 2014.  Even if Redden's untimeliness were excusable, "th[is] . . . Court [i]s, nevertheless, compelled to deny the motion as repetitive."[36]  Thus, relief on this, Redden's second reduction request, is also "barred by the prohibition in Rule 35(b) on repetitive motions."[37]

---

[33]   *See Giuricich v. Emtrol Corp.*, 449 A.2d 232, 238 (Del. 1982) ("[W]here a provision is expressly included in one section of a statute, but is omitted from another, it is reasonable to assume that the Legislature was aware of the omission and intended it."); *See also Adoption of Swanson*, 623 A.2d 1095, 1097 (Del. 1993) (citing *Giuricich*, 449 A.2d at 238) ("A court may not engraft upon a statute language which has been clearly excluded therefrom.").

[34]   *Thomas v. State*, 2002 WL 31681804, at *1 (Del. Nov. 25, 2002).  *See also Jenkins v. State,* 2008 WL 2721536, at *1 (Del. July 14, 2008) (Rule 35(b) "prohibits the filing of repetitive sentence reduction motions"); *Morrison v. State*, 2004 WL 716773, at *2 (Del. Mar. 24, 2004) ("motion was repetitive, which also precluded its consideration by the Superior Court"); *Duffy v. State*, 1998 WL 985332, at *1 (Del. Nov. 12, 1998) (as court had denied original, timely Rule 35(b) motion, "Rule 35(b) ceased to be a viable option" for seeking sentence reduction).

[35]   While Redden is correct that he "did not file a motion within 90 days of the sentence," *see* Def.'s Mot. to Modify Sent., at 2, he must acknowledge, as he did before this Court previously, that this is not his first Rule 35(b) motion.  *See* Memorandum in Support of Post-conviction Relief Motion, *State v. Darrell T. Redden*, ID No. 11020008321, at 5 (Del. Super. Ct. June 15, 2012) ("The defendant filed a timely Motion for Modification of Sentence pursuant to Superior Court Criminal Rule 35(b).").

[36]   *Cochran v. State*, 2005 WL 3357633, at *1 (Del. Dec. 8, 2005).

[37]   *Davis v. State*, 1999 WL 486736, at *1 (Del. May 10, 1999).

-11-

**D. Redden's Level IV Period Remains An Appropriate Term Imposed To Facilitate His Transition Back Into Society.**

Redden also requests that the Level IV portion of his sentence be designated home confinement.[38] A motion for modification of partial confinement or probation is not subject to the ninety-day limitation applicable to a motion for reduction of imprisonment.[39] In fact, there are no Rule 35(b) bars to consideration of this request by Redden.[40] Here the Court imposed a Level IV term to be served either at a halfway house or on home confinement. A Level IV term, i.e. a period in a highly structured community-based supervision setting, is a component of Redden's sentence that is integral to the Court's overall "sentencing scheme" or "plan."[41]

The Court has fully reviewed Redden's application (and supplementary letters), the record in his case, Redden's supervision history, and all sentencing information available. The Court finds the challenged aspect of its sentence

---

[38] Def.'s Mot. to Modify Sent., at 1-2, 5.

[39] *Benge v. State*, 101 A.3d 973, 977 (Del. 2014).

[40] Super. Ct. Crim. R. 35(b) ("*Reduction of Sentence*. . . . The court may . . . reduce the . . . *term or conditions* of *partial confinement* or probation, at any time.") (emphasis added). *See Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011) (finding this Court erred in holding that motion for modification of Level IV time was subject to ninety-day period); *Iverson v. State,* 2009 WL 2054563 (Del. July 16, 2009) (same).

[41] See *Defoe v. State*, 750 A.2d 1200, 1202 (Del. 2000).

remains appropriate and will permit the Department of Correction to exercise its discretion in placing him in the most appropriate available Level IV setting when his incarcerative term is complete. In turn, the Court will exercise its discretion[42] under Rule 35(b) and deny Redden's request to reduce or modify the Level IV term of his sentence.

## IV.   CONCLUSION

Redden's application to reduce his sentence of imprisonment is procedurally barred and must be **DENIED**. Having reviewed the merits of his request to modify his Level IV term, the Court, exercising its discretion under Rule 35(b), **DENIES** Redden's request for modification of the conditions of his partial confinement term.

**IT IS SO ORDERED.**

*/s/ Paul R. Wallace*
Paul R. Wallace, Judge

Original to Prothonotary
cc: Investigative Services Office

---

[42]    *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court.").