# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| v. | ) ID No. 1407003361 |
| | ) Cr. A. Nos. IN15-03-1133, etc. |
| THOMAS M. TEBBENS, | ) |
| Defendant. | ) |

Submitted: August 16, 2019
Decided: November 22, 2019

## ORDER DENYING REPETITIVE MOTION TO REDUCE OR MODIFY SENTENCE

This 22nd day of November, 2019, upon consideration of the Defendant Thomas M. Tebbens's Motion for Sentence Reduction or Modification (D.I. 31), his supplement thereto (D.I. 32), the State's response (D.I. 34), and the record in this matter, it appears to the Court that:

(1)    On April 20, 2015, Thomas M. Tebbens pleaded guilty to one count of Home Invasion, one count of Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"), one count of Robbery First Degree, and one count of Conspiracy Second Degree.[1]    Tebbens did so in exchange for dismissal of the remaining charges and the State's withholding

---

[1]    Plea Agreement and TIS Guilty Plea Form, *State v. Thomas M. Tebbens*, ID No. 1407003361 (Del. Super. Ct. Apr. 20, 2014).

of an habitual criminal petition.[2] Tebbens was sentenced several months later, on September 18, 2015, after a pre-sentence investigative report was prepared. He was sentenced: (1) for Home Invasion (IN15-03-1133) – 25 years at Level V, suspended after six years for 19 years at Level IV (DOC Discretion), suspended after six months for two years at Level III; (2) for PDWDCF (IN15-03-1134) – two years at Level V with no probation to follow; (3) for Robbery First Degree (IN15-03-1135) – three years at Level V with no probation to follow; and (4) for Conspiracy Second Degree (IN15-03-1139) – two years at Level V, suspended for one year at Level III.[3] The unsuspended 11-year Level V term of Tebbens' sentence is comprised of cumulated minimum or mandatory periods of incarceration.[4]

---

[2] Plea Agreement, at 1 ("State will not seek to sentence under 11 Del. C. § 4214(a) or (b)."). *See* DEL. CODE ANN. tit. 11, § 4214(a) (2014) (providing that a person who has been thrice previously convicted of a felony and is thereafter convicted of another felony may be declared an habitual criminal offender; the Court may then, in its discretion, impose a sentence of up to life imprisonment for that or any subsequent felony).

[3] Sentencing Order, *State v. Thomas M. Tebbens*, ID No. 1407003361 (Del. Super. Ct. Sept. 18, 2015).

[4] DEL. CODE ANN. tit. 11, § 832(b)(1) (2014) ("Notwithstanding any provisions of this section or Code to the contrary, any person convicted of robbery in the first degree shall receive a minimum sentence of . . . [t]hree years at Level V . . ."); *id.* at § 1447(a) (PDWDCF is a class B felony); *id.* at §§ 4205(b)(2) & (d) (sentence "[f]or a class B felony [is] not less than 2 years . . . [and any] minimum, mandatory, mandatory minimum or minimum mandatory sentence [ ] required by subsection (b) of [§ 4205] . . . shall not be subject to suspension by the court"); and *id.* at § 826(A)(b)(1) ("Notwithstanding any provision of this section or Code to the contrary, any person convicted of home invasion shall receive a minimum sentence of . . . [s]ix years at Level V . . .").

(2)     Tebbens filed no direct appeal from his conviction or sentence. Instead, he almost immediately docketed an application under Rule 35(b) requesting reduction of his Level V term.[5] That motion was denied on its merits.[6]

(3)     Tebbens has now docketed another motion under Superior Court Criminal Rule 35(b) requesting reduction of his Level V term.[7] He asks now that the Court order his mandatory terms of confinement imposed for home invasion and robbery to run concurrently.[8]  In effect, this would reduce his prison term by three years.  According to Tebbens, this relief is permitted by "New State Bill 5" and is appropriate because of his rehabilitative efforts, acceptance of responsibility, and remorse.[9]

---

[5]     Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion; providing also that the Court may reduce a term or the conditions of partial confinement or probation).

[6]     D.I. 28.

[7]     D.I. 31; *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[8]     Def. 2nd Rule 35(b) Mot., at 3; Def. Supp., at 3.

[9]     Def. 2nd Rule 35(b) Mot., at 2; Def. Supp., at 1-2.

(4)     The Court may consider such a motion "without presentation, hearing or argument."[10] The Court will decide his motion on the papers filed and the complete sentencing record in Tebbens' case.

(5)     When considering motions for sentence reduction or modification, this Court addresses any applicable procedural bars before turning to the merits.[11]

(6)     As our Supreme Court and this Court have consistently held, Rule 35(b) prohibits consideration of repetitive requests for sentence reduction or modification.[12] There is no exception to the repetitive motion bar.[13] And accordingly, the Court must deny Tebbens' Rule 35(b) motion on this basis alone.[14]

(7)     To the extent Tebbens believes that "House Bill 5"[15]—which recently further expanded a Delaware sentencing judge's authority to impose concurrent, rather than consecutive terms of confinement—provides some

---

[10]     Super. Ct. Crim. R. 35(b).

[11]     *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[12]     *State v. Culp*, 152 A.3d 141, 145 (Del. 2016); *Redden*, 111 A.3d at 608–09.

[13]     *Culp*, 152 A.3d at 144; *Redden*, 111 A.3d 608–09.

[14]     *Culp*, 152 A.3d at 145; *Redden*, 111 A.3d 608–09.

[15]     *See* Del. H.B. 5 § 1, 150th Gen. Assem., 82 DEL. LAWS ch. 66, § 1 (2019) (*amending* DEL. CODE ANN. tit. 11, § 3901(d)).

-4-

exceptional avenue for relief under Rule 35(b),[16] he is incorrect. "Rule 35(b) is not now, nor ever has been, an instrument for reexamination of previously imposed sentences in light of subsequent statutory changes."[17]

(8)    Lastly, Tebbens is asking for the retroactive application of the 2019 Amended Sentencing Act (*i.e.*, "House Bill 5")—a sentencing reform provision enacted while he was already in prison serving his sentence. As this Court held recently, "the General Assembly neither provided for such retroactivity explicitly nor included special procedures to address its retrospective application."[18] Thus, application of the 2019 Amended Sentencing Act to modify the terms of Tebbens' sentence and allow certain periods of his confinement to run concurrently is prohibited.[19]

**NOW, THEREFORE, IT IS ORDERED** that Tebbens' second motion for reduction or modification of sentence is **DENIED.**

Paul R. Wallace, Judge

---

[16]    Def. 2nd Rule 35(b) Mot., at 2 (suggesting passage of "New State Bill 5" is an "extraordinary circumstance" under Rule 35(b)); Def. Supp., at 3 (stating that it is "'New State Bill 5' which led [him] to file a 35B motion").

[17]    *State v. Thomas*, --- A.3d ---, 2019 WL 5704287, at *2 (Del. Super. Ct. Oct. 31, 2019).

[18]    *Thomas*, --- A.3d ---, 2019 WL 5704287, at *5.

[19]    *Id.*

Original to Prothonotary

cc:    William M. Raisis, Deputy Attorney General
       Mr. Thomas M. Tebbens, *pro se*
       Investigative Services Office