**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID No. 1608006981 |
| | ) | |
| TYRONE ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

*Submitted: July 17, 2023*

*Decided: July 26, 2023*

**ORDER**

*Upon Consideration of Defendant's Motion for Sentence Modification:*

**DENIED.**

This 26th day of July 2023, upon consideration of the Motion for Sentence Modification filed by Defendant Tyrone Anderson, it appears to the Court that:

1. In November 2017, a jury found Mr. Anderson guilty of four counts of Drug Dealing Heroin, four counts of Aggravated Possession of Heroin, one count of Conspiracy in the Second Degree, and one count of Attempted Possession of Heroin.[1]  The Aggravated Possession counts merged with the Drug Dealing counts for sentencing.[2]  All told, the Court sentenced Mr. Anderson to a period of fifty-nine years and six months at Level V incarceration, to be suspended after serving twenty years in prison for decreasing levels of supervision.[3]

---

[1] *Anderson v. State*, 2018 WL 6344697, at *1 (Del. Dec. 4, 2018).
[2] *Id.*
[3] *Id.*

1

2. After unsuccessfully moving for postconviction relief in April 2021, Mr. Anderson has now filed this, an untimely *pro se* motion for sentence modification under Superior Court Criminal Rule 35(b).[4] This time, his motion concerns "Bill No. 47." Although it is difficult to discern, Mr. Anderson is ostensibly referring to 16 *Del. C.* § 4701, which was enacted and took effect on December 15, 2019.[5] He reports that the statute supersedes the harsher sentence he is serving because:

> . . . Bill No. 47 eliminated the enhanced sentence for two grams or more (Tier 2 Drug Dealing) with an aggravated factor for being in a vehicle (*sic*). It also eliminated enhanced sentencing for prior violent felonies (in the Defendant's case, a criminally negligent homicide).
>
> . . .
>
> The Defendant, from the inception of his case, comes under jurisdictional construction based on similar circumstances pursuant to it that would assign the Defendant a longer sentence than he would have been required to serve under the laws in effect at the time that he was originally sentenced.[6]

3. In other words, this is a retroactivity issue: because Mr. Anderson was sentenced in 2017 – before the General Assembly revised 16 *Del. C.* § 4701 in 2019 – he asks the Court to modify his sentence so it conforms to the statute as it is currently written.[7]

---

[4] Super. Ct. Crim. R. 35.

[5] 16 *Del. C.* § 4701. Prior to its enactment, the General Assembly introduced the statute as "Senate Bill 47" (added by 82 Del. Laws 2019, ch. 217 § 1, eff. Dec. 15, 2019) in June 2019.

[6] D.I. 117 (Def.'s Mot. for Sent. Mod.) at 2-3.

[7] *Id.*

4. Rule 35(b), however, is not "an instrument for re-examination of previously imposed sentences in light of subsequent statutory changes."[8] The purpose of the Rule is to give the sentencing judge a second chance to consider whether the initial sentence was appropriate.[9] And, importantly, entertainment of untimely Rule 35(b) motions is permitted only when a Defendant demonstrates extraordinary circumstances for consideration.[10] Circumstances are "extraordinary" if they "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[11]

5. Mr. Anderson's recent discovery of a four-year-old statute does not constitute an "extraordinary circumstance" in any sense. So, his motion is procedurally barred as untimely. But, even assuming *arguendo* that the motion was not barred, the Court will briefly explain why it lacks substantive merit, as well.

6. The Delaware Supreme Court addressed Mr. Anderson's issue in *Fountain v. State*,[12] which held that retroactive applications of sentencing changes to those already serving a sentence would "have a large effect on segments of the public, law enforcement and defense resources, and the judiciary itself."[13] Consequently, before retroactively applying a statutory sentencing change, the

---

[8] *State v. Thomas*, 220 A.3d 257, 261 (Del. Super. 2019).
[9] State v. *Redden*, 111 A.3d 602, 606 (Del. Super. 2015).
[10] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).
[11] *Id.* (citations omitted).
[12] 139 A.3d 837 (Del. 2016).
[13] *Id.* at 843.

Court must be sure that the enacting legislation "provide[s] for retroactivity explicitly . . . and include[s] special procedures to address its retrospective application."[14] This, of course, is because courts do not favor applying legislation retroactively, especially absent clear and express language that the legislature intended that.[15]

7. In the face of this existing and recent case law, the General Assembly would have needed to make its retroactive intent clear when it enacted 16 *Del. C.* § 4701, and include special procedures to address its retrospective application. But it did not. That silence speaks loudly here. The Court cannot – and will not – find retroactivity in the General Assembly's stead.[16]

8. For the foregoing reasons, retroactive applicability of 16 *Del. C.* § 4701 is prohibited, and Mr. Anderson's motion is **DENIED**.

   **IT IS SO ORDERED.**

   */s/ Francis J. Jones, Jr.*
   Francis J. Jones Jr., Judge

cc: Prothonotary (Criminal Division)

---

[14] *Id.*

[15] *State v. Ismaaeel*, 840 A.2d 644, 654 (Del. Super. 2004).

[16] The Court also will not find that Mr. Anderson's sentence violates the Fourteenth Amendment of the U.S. Constitution, as he contends. A law violates *ex post facto* principles of Constitutional law when it changes the punishment, and inflicts a greater punishment, than the law permitted at the time the crime was committed. *See DiStefano v. Watson*, 566 A.2d 1, 5 (Del. 1989). Clearly, that is not the case here.