# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
         )
     v.          )     ID No. 2010012553
         )
DAHMERE WHITE,      )
         )
     Defendant.      )
         )

Date Submitted:  August 29, 2023
Date Decided:  October 2, 2023

## ORDER

Upon consideration of Defendant Dahmere White's Motion,[1] Superior Court Criminal Rule 35(b), statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)     On August 22, 2022, White pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP") (IN21-12-0973) and Gang Participation (IN21-12-0969).[2]  The same day, the Court sentenced White to a total of five years of unsuspended Level V time, effective October 27, 2020.[3]

(2)     White filed a Motion for Modification of Sentence on November 14,

---

[1] D.I. 38.

[2] D.I. 32.

[3] D.I. 33.  White's sentence is as follows: for PFBPP, 15 years at Level V, suspended after 5 years for decreasing levels of supervision; and for Gang Participation, 3 years at Level V, suspended for 18 months at Level III.  Probation for the offenses is to run concurrently with any probation White is already serving.  The first five years of White's PFBPP sentence are mandatory pursuant to 11 *Del. C.* § 1448(e)(1)b.  *Id.*

2022.[4]  The Court denied the Motion, holding it cannot modify minimum mandatory sentences and the sentence remained appropriate for all the reasons stated at the time of sentencing.[5]

(3)    In a Letter Motion filed on July 3, 2023, White again sought a modification, specifically asking for "compassionate release" due to his mother's death, which left his son without a caregiver.[6]  The Court denied the Motion under Rule 35(b) on August 29, 2023 as untimely and insufficient to warrant the modification sought.[7]

(4)    On August 28, 2023, White submitted another Motion for Modification of Sentence, asking again for compassionate release (his third motion for modification).[8]  The basis for his latest request is the same as his July 3 Letter Motion.[9]

(5)    Superior Court Criminal Rule 35(b) governs motions for modification of sentence.[10]  "Under Rule 35(b), a motion for sentence modification must be filed

---

[4] D.I. 34.
[5] D.I. 35.  *See* 11 *Del. C.* § 4205(d); 11 *Del C.*§ 1448(e)(1).
[6] D.I. 36.  White's circumstances do not fall within the scope of the statutes addressing sentence modification due to medical needs.  *See* 11 *Del. C.* § 4217 (allowing a mechanism for sentence modification upon application of the Department of Correction where good cause exists, such as serious medical illness or infirmity); *see also* 11 *Del. C.* § 4346 (eligibility for parole).
[7] D.I. 37.
[8] D.I. 38.
[9] *Id*.
[10] Super. Ct. Crim. R. 35(b).

within 90 days of sentencing, absent a showing of 'extraordinary circumstances,'"[11] and the Court will consider untimely motions "only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217."[12] Furthermore, under Rule 35(b), "[t]he [C]ourt will not consider repetitive requests for reduction of sentence."[13] The repetitive bar "is absolute and flatly 'prohibits repetitive requests for reduction of sentence.'"[14]

(6) White was sentenced on August 22, 2022, far beyond the 90-day deadline, and he fails to establish extraordinary circumstances. As explained in the Court's August 28, 2023 Order, White's recent loss of his mother is insufficient to overcome the high bar of establishing extraordinary circumstances.[15]

(7) White's third Motion is repetitive and barred under Rule 35(b).[16]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that White's Motion for Sentence Modification is **DENIED**.

---

[11] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit).
[12] *Id.*
[13] *Id.*
[14] *State v. Redden*, 111 A.3d 602, 609 (Del. Super. 2015) (quoting *Thomas v. State,* 2002 WL 31681804, at *1 (Del. Nov. 25, 2002)).
[15] D.I. 37. *See State v. Redden*, 111 A.3d 602, 607 (Del. Super. 2015) (explaining that extraordinary circumstances must specifically justify the delay, be beyond the movant's control, and *be the reason the movant was prevented from timely filing*) (emphasis added).
[16] D.I. 35, 37; *see* Super. Ct. Crim. R. 35(b).

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

Original to Prothonotary

cc: James K. McCloskey, DAG
Dahmere White (SBI #00660653)