**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,       )
                                    )
         v.                      )          ID No. 84000200DI
                                    )
DURWIN HARMON,          )
                                    )
        Defendant.       )

Date Submitted:  October 9, 2023
Date Decided:  November 14, 2023

## ORDER

Upon consideration of Defendant Durwin Harmon's ("Harmon") Letter Motion for Modification of Partial Confinement or Probation ("Motion"),[1] Superior Court Criminal Rule 35(b),[2] statutory and decisional law, and the record in this case,

**IT APPEARS THAT:**

(1) On August 8, 1984, Harmon was found guilty by jury trial of First Degree Kidnapping, First Degree Rape, First Degree Assault, First Degree Robbery, Possession of a Deadly Weapon by a Person Prohibited, and three counts of Possession of a Deadly Weapon during the Commission of a Felony.[3]  Harmon was sentenced to two life terms of imprisonment plus an additional twenty-four years.[4]

---

[1] D.I. 112. Mr. Harmon submitted a letter to the Court asking for his GPS to be removed.  While he did not explicitly move under Rule 35(b), the Court reviews his motion as such.
[2] Super. Ct. Crim. R. 35(b).
[3] D.I. 13.
[4] D.I. 19.

Thirty-eight years of the sentence was mandatory.[5] After serving 39 years, Harmon was released from Level V incarceration.[6]

(2) In the instant Motion, Harmon requests the removal of his GPS monitor requirement.[7]

(3) Rule 35(b) governs motions for modification or reduction of sentence.[8] "A motion for modification of partial confinement or probation is not subject to the ninety-day limitation applicable to a motion for reduction of imprisonment."[9] Pursuant to 11 *Del. C.* § 4333, any probation or suspension of sentence may be terminated at the Court's discretion.[10]

(4) The authority of the court to grant relief under Rule 35(b) is discretionary.[11] Rule 35(b) does not provide specific considerations the Court must consider, rather "the Court exercises broad discretion in determining whether a situation or set of individual factors can be viewed."[12]

(5) In support of his Motion, Durwin cites hardships such as the inability to go on vacation with his family, the inability to swim or take a bath, the monthly

---

[5] *Id.*
[6] D.I. 112.
[7] *Id.*
[8] Super. Ct. Crim. R. 35(b).
[9] *State v. Baily*, 2017 WL 8787504 at *1 (Del. Super. Ct. Oct. 3, 2017); *State v. Redden*, 111 A.3d 602, 609 (Del. Super. Ct. 2015).
[10] *Id.*
[11] *Id.*
[12] *State v. Redden*, 111 A.3d 602, 609 (2015).

bill associated with the GPS monitor, and the requirement to attend a group session every week in which he has to pay for a lie detector test.[13] The Court does not find these "hardships" warrant modification.

(6)     The sentence is appropriate for all the reasons stated at sentencing.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Durwin Harmon's Motion for Modification of Partial Confinement or Probation is **DENIED**.


/s/ Jan R. Jurden
President Judge

cc:     Original to Prothonotary
        Abigail E. Rodgers, Esq.
        Durwin Harmon

---

[13] D.I. 112.