**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| v. | ) |
| | ) I.D. # 0406005054 |
| MELVIN L. WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

Submitted: November 20, 2023
Decided: December 12, 2023

## ORDER DENYING MELVIN WILLIAMS' MOTION FOR SENTENCE REDUCTION

The Court having considered Melvin Williams' ("Williams") Motion for Sentence Reduction[1] (the "Motion"), for the following reasons, the Motion is **DENIED**.

1.    In July 2006, a jury found Williams guilty on three counts. On September 15, 2006, Williams was sentenced as follows: Murder in the First-Degree, Level V for the rest of his natural life; Possession of a Firearm During the Commission of a Felony ("PFDCF"), 15 years at Level V; and, Possession of a Deadly Weapon By a Person Prohibited ("PDWBPP") 8 years at Level V, suspended after 3 years for 18 months at Level III.[2] The sentences were effective June 4, 2004.[3]

---

[1] D.I. 128.

[2] The first three years of the PFDCF and PDWBPP sentences are mandatory. *See* 11 *Del. C.* § 1447(a); 11 *Del. C.* § 1448.

[3] D.I. 76.

2.      Williams appealed his convictions, which were affirmed in 2007.[4]

3.      On March 25, 2008, with the assistance of counsel, Williams filed a Rule 61 Motion for Postconviction Relief,[5] which was denied on May 29, 2009.[6] The Delaware Supreme Court affirmed the denial on December 2, 2009.[7]

4.      Williams, *pro se,* filed a second Motion for Postconviction Relief and a Motion to Appoint Counsel on January 15, 2014.[8]   The second motion was summarily dismissed and the motion to appoint counsel was denied on February 4, 2014.[9]  The Delaware Supreme Court affirmed the ruling on May 12, 2014.[10]

5.      On August 15, 2019, Williams filed another *pro se* Motion for Postconviction Relief and another Motion to Appoint Counsel.[11]  In this third motion for postconviction relief, Williams asserted four grounds for relief: (1) ineffective assistance of counsel; (2) newly discovered evidence in that another person "wrote the courts that he was the person who committed the murder"; (3) there was DNA evidence found at the scene that did not belong to Williams; and (4) he testified for

---

[4] D.I. 84.
[5] D.I. 87.
[6] *State v. Williams*, 2009 WL 6529205 (Del. Super. May 28, 2009).
[7] *Williams v. State*, 2009 WL 4351700, 985 A.2d 391 (TABLE) (Del. Dec. 2, 2009).
[8] D.I. 102, 103.
[9] *State v. Williams*, 2014 WL 1302998 (Del. Super. Feb. 4, 2014).
[10] *Williams v. State*, 2014 WL 1912367, 91 A.3d 563 (TABLE) (Del. May 12, 2014).
[11] D.I. 116, 117.

the State in connection with the 2017 murder/riot at the state prison, helping to secure two convictions.[12]

6.      By Report and Recommendation dated November 8, 2019, the Commissioner recommended summary dismissal of the postconviction motion and denial of the motion to appoint counsel.[13] Williams did not object to the Report and Recommendation and on December 17, 2019, it was Adopted and the motions were denied.[14]

7.      On November 20, 2023, Williams filed the Motion seeking a reduction in his sentence to the 30-35 years at Level V, which he asserts was previously offered to him in plea deal.[15] He also wants to be eligible to accumulate "good time", which he is currently not eligible for under his sentence for murder.[16] The grounds for the Motion are that he: (1) was a witness in two trials in connection with the 2017 murder/riot at the state prison; (2) has been incarcerated for nearly 20 years; (3) has completed all the programs for which he is eligible; and (4) has attained a GED and recently graduated from other programs, such as keyboarding in a computer class and financial literacy.[17] Williams attached several certificates to the Motion,

---

[12] D.I. 116.
[13] *State v. Williams*, 2019 WL 5887374 (Del. Super. Nov. 8, 2019).
[14] D.I. 124.
[15] D.I. 128.
[16] 11 *Del. C.* § 4209(a) (a person convicted of first-degree murder "shall be punished [] by imprisonment for the remainder of the person's natural life without benefit of probation or parole or any other reduction….")
[17] *Id.*

reflecting the various programs he has completed.

8. Superior Court Criminal Rule 35(a) provides that the Court "may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." The Delaware Supreme Court has stated that:

> A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[18]

9. Criminal Rule 35(b) provides that the Court "may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." The Court will consider a Rule 35(b) motion after the 90-day period "only in extraordinary circumstances" or when the DOC has filed an application pursuant to 11 *Del. C.* § 4217.

10. A petitioner bears a heavy burden to show "extraordinary circumstances," which are circumstances that "'*specifically justify the delay*', are 'entirely beyond a petitioner's control'; and 'have prevented the [petitioner] from seeking the remedy on a timely basis.'"[19] It is well-settled that "exemplary conduct

---

[18] *Flonnory v. State*, 2017 WL 3634216, 170 A.3d 777 (TABLE) (Del. Aug. 23, 2017).
[19] *State v. Redden*, 111 A.3d 602, 607 (Del. Super. 2015) (citations omitted) (emphasis in original).

4

and/or successful rehabilitation while imprisoned do not qualify as 'extraordinary circumstances'" under Rule 35.[20]

11.     Williams does not specify whether his Motion is under Rule 35(a) or 35(b).  He does not assert that his sentence was illegal.  He also does not provide any ground to find that the sentence was illegal or was imposed in an illegal manner.  Therefore, the Court will consider the Motion under Rule 35(b).

12.     Williams' Motion is beyond 90-days after his sentencing.  Therefore, for the Court to reach the merits of his motion, Williams must establish "extraordinary circumstances."  Here, he cites to the work he has been doing while incarcerated to show his rehabilitative efforts and that he is continuing to work to serve others while incarcerated.  "While participation in rehabilitation programs is commendable, it is well-settled that such participation, in and of itself, is insufficient to merit substantive review of an untimely motion for sentence reduction" under Rule 35(b).[21]  This is because "rehabilitative efforts are 'entirely [within] a petitioner's control.'"[22]  Additionally, modification of a sentence based on "rehabilitation of the offender" is separately provided for in Section 4217.[23]

---

[20] *State v. Liket*, 2002 WL 31133101, *2 (Del. Super. Sept. 25, 2002); *State v. Lindsey*, 2020 WL 4038015, n.23 (Del. Super. July 17, 2020) (collecting cases).
[21] *Redden*, 111 A.3d at 607-08.
[22] *Id.* quoting *State v. Lewis*, 797 A.2d 1198, 1205 (Del. 2002).
[23] *Redden*, 111 A.3d at 608.

5

13. Williams' other two grounds – providing testimony in other criminal cases and the length of time he has been incarcerated – also do not qualify as extraordinary circumstances, nor does he assert that they do.

14. Even if the Court reached the merits of Williams' Motion, the Court is without any ability to modify his sentence as he requests. Williams was convicted of First-Degree Murder, which carries a mandatory sentence of incarceration for the rest of his natural life.[24] Accordingly, "[a]bsent an appropriate application from the Department of Correction under Section 4217, the Superior Court cannot reduce a minimum mandatory sentence under Rule 35(b)."[25]

15. The Court commends Williams for the steps he is taking and the certifications he has earned. However, because the Motion is untimely, fails to establish extraordinary circumstances, and the Court is without authority to reduce or modify his life sentence, the Motion is **DENIED**.

**IT IS HEREBY ORDERED.**

/s/Kathleen M. Miller
Judge Kathleen M. Miller

Original to Prothonotary

cc:   Renee Hrivnak, DAG
      Melvin Williams, SBI# 00282948

---

[24] 11 *Del. C.* § 4209(a).
[25] *Wisher v. State*, 2022 WL 17843052, 288 A.3d 1137 (TABLE) (Del. Dec. 21, 2022); *see also State v. Stokes*, 2019 WL 6329066 *2 (Del. Super. Nov. 26, 2019) ("the Superior Court had no discretion in imposing the mandatory life sentence" for first degree murder).