**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,        )
                                 )
     v.                       )      ID No. 1902008301
                                 )
ANDREW CHARLES,       )
                                 )
     Defendant.        )

Date Submitted: April 8, 2024
Date Decided: June 11, 2024

## **ORDER**

Upon consideration of Defendant Andrew Charles' ("Charles") Motion for Modification of Partial Confinement ("Motion"),[1] Superior Court Criminal Rule 35(b),[2] statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)    On March 28, 2019, Charles pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP")/Possession of Ammunition by a Person Prohibited ("PABPP") (N19-02-0942-I)[3] and was sentenced as follows: 15 years at Level V with credit for 15 days, suspended after 5 years at Level V for 18 months at Level

---

[1] D.I. 9. His Motion is titled, "Motion for No-Contact with Markia Woodall and Omari Woodall." *Id*. The Court reviews this as a Motion for Modification of Partial Confinement or Probation.
[2] Super. Ct. Crim. R. 35(b).
[3] D.I. 3.

III.[4] The Court ordered Charles to have no contact with Markia Woodall and Omari Woodall except pursuant to a valid Family Court order.[5]

(2) On April 11, 2024, Charles filed the instant Motion asking the Court to lift the no-contact order with his fiancée, Markia Woodall and his son, Omari Woodall.[6]

(3) Rule 35(b) governs motions for modification or reduction of sentence.[7] "A motion for modification of partial confinement or probation is not subject to the ninety-day limitation applicable to a motion for reduction of imprisonment."[8]

(4) The Court's authority to grant relief under Rule 35(b) is discretionary.[9] Rule 35(b) does not provide specific considerations the Court must consider, rather "the Court exercises broad discretion in determining whether a situation or set of individual factors can be viewed."[10]

(5) In support of his Motion, Charles states he and Woodall are trying to get married and the no-contact order hinders him from being a father to his son.[11]

---

[4] D.I. 5.
[5] *Id.*
[6] *Id.*
[7] Super. Ct. Crim. R. 35(b).
[8] *State v. Baily*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017); *State v. Redden*, 111 A.3d 602, 609 (Del. Super. 2015).
[9] *Id.*
[10] *State v. Redden*, 111 A.3d 602, 609 (2015).
[11] D.I. 9.

He avers that the charges have nothing to do with Woodall and her son and that he is trying to be involved in his child's life.[12]

(6)   The Sentencing Order expressly states: "No contact with Markia Woodall and Omari Woodall, except pursuant to a valid Family Court order."[13] Unless Charles is permitted to have contact with Markia Woodall and Omari Woodall pursuant to a valid Family Court order, the Court will not modify this no-contact order.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Andrew Charles' Modification of Partial Confinement or Probation is **DENIED**.


**IT IS SO ORDERED.**


/s/ Jan R. Jurden
Jan R. Jurden, President Judge

cc:   Original to Prothonotary
      Marc C. Petrucci, DAG
      Andrew Charles (SBI # 634319)

---

[12] *Id.*
[13] D.I. 5.