**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,      )
                                 )
                                 )      ID 2108000612
v.                            )
                                 )
CHARLES E. HARKINS,    )
                                 )
Defendant.              )

Date submitted: July 14, 2025
Date decided: September 18, 2025

## ORDER DENYING MOTION FOR SENTENCE MODIFICATION

Having considered Charles Harkins' ("Harkins") Motion for Sentence Modification ("Motion"), for the reasons below, the Motion is **DENIED**.

### *Background*

1.     On January 13, 2022, Harkins pled guilty to Burglary 2nd and was sentenced, effective December 6, 2021, to 8 years at Level V suspended immediately, followed by 6 months at Level IV DOC Discretion, followed by 1 year at Level III.[1]

2.     On August 24, 2022, Harkins was found in violation of probation and sentenced to 8 years at Level V, suspended for 12 months at Level III Intensive

---

[1] D.I. 4.

Outpatient Treatment Program.[2] After he was released to Level III, he immediately absconded.

3. Harkins was taken into custody in 2024. At the time, he admitted to substance abuse and was found to be in possession of a butcher knife despite his person prohibited status. On August 21, 2024, Harkins was found in violation of probation. He was sentenced to 8 years at Level V, suspended after 9 months, followed by one year at Level IV DOC Discretion, with no probation to follow.[3] The Level IV portion of the sentence is to be suspended after successful completion of recommended mental health and substance abuse treatment.

4. On July 14, 2025, Harkins filed the Motion stating that he started Level IV on April 16, 2025, and requesting that the remainder of the Level IV sentence be suspended for Level I probation. In support, Harkins states that he completed the Thinking for a Change program, earned 46 certificates through CypherWorx, continues to be productive in program involvement, and provided a letter of support from his pastor.[4]

### Standard of Review

5. A motion to modify or reduce a sentence is governed by Superior Court Criminal Rule 35(b). It provides that the Court "may reduce the term or conditions

---

[2] D.I. 9.
[3] D.I. 17.
[4] D.I. 20.

of partial confinement at any time."[5]  "Rule 35(b) places the burden of proof on the movant to establish cause to modify a lawfully imposed sentence."[6]  While the rule does not specify specific criteria for a movant to satisfy in meeting this burden, "common sense dictates that the Court may modify a sentence if present circumstances indicate that the previously imposed sentence is no longer appropriate."[7]  Rule 35(b) "flatly prohibits repetitive requests for reduction of sentence."[8]

*Analysis*

6.    This is Harkins' first motion for a sentence modification, and it seeks modification of partial confinement.  Thus, the Motion is not procedurally barred.

7.    Harkins was found in violation of probation for failing to report and use of controlled substances.[9]  Harkins had a history of substance abuse and failed to follow previous Court-ordered treatment.  Thus, at the time of sentencing for the violation, Level IV was an integral part of the sentence to allow for completion of the Court-ordered mental health and substance abuse evaluation and treatment.[10]

---

[5] *State v. Conyer*, 2024 WL 1526624, at *1 (Del. Super. Oct. 3, 2017), quoting Super. Ct. Crim. R. 35(b) (cleaned up).
[6] *Id.*
[7] *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017).
[8] *State v. Robinson*, 2024 WL 1192973, at *2 (Del. Super. Mar. 18, 2024), citing *State v. Redden*, 111 A.3d 602, 609 (Del. Super.), *as corrected* (Apr. 17, 2015).
[9] D.I. 17.
[10] D.I. 18.

3

8.    The Court commends Harkins for his dedication to bettering himself through mental health treatment, education, and community involvement in both his programs and in his religious community.  It appears that he has made great personal strides on the road to healing and moving forward with his life in a positive direction. He is commended for this accomplishment.

9.    The Court, however, finds that Harkins' sentence continues to be appropriate, so that the purpose of the sentence may be completed.  Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED.**

*/s/Kathleen M. Miller*
Kathleen M. Miller, Judge

Original to Prothonotary
cc: Charles E. Harkins (SBI# 00203966)
     Department of Justice