# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID # 2312005586, 2411004769 |
| | ) | |
| | ) | |
| MILTON M. STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

Date submitted: August 25, 2025
Date decided: September 18, 2025

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

The Court having considered Milton M. Stevens' ("Stevens") Motion for Reduction of Sentence[1] (the "Motion"), for the following reasons, the Motion is **DENIED**.

### *Background*

1.      On February 10, 2025, Stevens pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP") and Carrying a Concealed Deadly Weapon ("CCDW").[2]  In the Plea Agreement, the State and Stevens agreed to recommend 3 years unsuspended Level V time for the PFBPP, which is a minimum mandatory sentence, followed by probation, and probation for the CCDW charge.

---

[1] D.I. 28.
[2] D.I. 26, 3.

2. On February 10, 2025, effective November 11, 2024, Stevens was sentenced on the PFBPP charge to 15 years Level V, suspended after 3 years, followed by 1 year at Level III, and 8 years at Level V, suspended for 1 year of Level III on the CCDW charge.[3]

3. On August 25, 2025, Stevens filed the Motion, requesting that he be enrolled in the Road to Recovery program, track III, while at Level V and further, that his Level V time be suspended after successful completion of the program. In support, he states that after having no police contact for 20 years, his legal troubles started after becoming addicted to prescription Percocet following a serious car accident. He asks the Court to consider mitigating factors such as his acceptance of responsibility, the need for treatment exceeds the need for punishment, his lack of criminal record for 20 years, and that he could lose his business if he remains incarcerated. Further, his family depends on him financially.

### *Standard of Review*

4. Criminal Rule 35(b) provides that the Court "may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." "Rule 35(b) places the burden of proof on the movant to establish cause to modify a

---

[3] D.I. 27.

2

lawfully imposed sentence."[4]  While the rule does not specify specific criteria for a movant to satisfy in meeting this burden, "common sense dictates that the Court may modify a sentence if present circumstances indicate that the previously imposed sentence is no longer appropriate."[5]  Rule 35(b) "flatly prohibits repetitive requests for reduction of sentence."[6]

5.      The Court will consider a Rule 35(b) motion after the 90-day period "only in extraordinary circumstances."  A petitioner bears a heavy burden to show "extraordinary circumstances," which are circumstances that "'*specifically justify the delay*', are 'entirely beyond a petitioner's control'; and 'have prevented the [petitioner] from seeking the remedy on a timely basis.'"[7]  "And for the purposes of Rule 35(b), 'extraordinary circumstances' have been found only 'when an offender faces some genuinely compelling change in circumstances that makes a resentencing urgent.'"[8]  It is well-settled that "exemplary conduct and/or successful

---

[4] *State v. Conyer*, 2024 WL 1526624, at *1 (Del. Super. Oct. 3, 2017), quoting Super. Ct. Crim. R. 35(b) (cleaned up).
[5] *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017).
[6] *State v. Robinson*, 2024 WL 1192973, at *2 (Del. Super. Mar. 18, 2024), citing *State v. Redden*, 111 A.3d 602, 609 (Del. Super. 2015), *as corrected* (Apr. 17, 2015).
[7] *Redden*, 111 A.3d at 607 (citations omitted) (emphasis in original); *State v. Jones,* 2020 WL 4483673, at *2 (Del. Super. Aug. 4, 2020) (extraordinary circumstances are "[a] highly unusual set of facts that are not commonly associated with a particular thing or event." (citation omitted)).
[8] *Redden,* 11 A.3d at 607 (quoting *State v. Thomas*, 220 A.3d 257, 262 (Del. Super. 2019) (citation omitted)).

rehabilitation while imprisoned do not qualify as 'extraordinary circumstances'" under Rule 35.[9]

*Analysis*

6.      Stevens' Motion was filed beyond 90 days after his sentencing. Therefore, for the Court to reach the merits of his motion, Stevens must establish "extraordinary circumstances," which Stevens acknowledges. He asserts that the standard is satisfied because his counsel would not file a motion for a sentence reduction, despite his numerous requests.

7.      Stevens has not shown extraordinary circumstances. It was within his control to timely file a Rule 35(b) motion. Because the Motion is untimely, and fails to establish extraordinary circumstances, the Court is without authority to reduce or modify his sentence.

8.      Even if the Court were to reach the merits, the Motion would be denied because Stevens received the minimum mandatory sentence on the PFBPP charge. "Absent an appropriate application from the Department of Correction under Section 4217, the Superior Court cannot reduce a minimum mandatory sentence under Rule 35(b)."[10] Thus, the Court is without authority to reduce the sentence.

---

[9] *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002); *State v. Lindsey*, 2020 WL 4038015, n.23 (Del. Super. July 17, 2020) (collecting cases).
[10] *Wisher v. State*, 288 A.3d 1137 (TABLE), 2022 WL 17843052, at *1 (Del. Dec. 21, 2022).

4

9.	Stevens' story of becoming addicted to pain mediation prescribed by a physician, unfortunately, is not an unusual story.  The Court commends Stevens for accepting responsibility and is glad to hear he has a supportive family waiting for his return.

10.	The Motion is **DENIED.**

**IT IS SO ORDERED.**

/s/Kathleen M. Miller
Kathleen M. Miller, Judge


Original to Prothonotary
cc: Milton R. Stevens (SBI# 00327768)
    Alexandra L. LeRoy, Esq.