# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1606018393 |
| | ) | |
| KYSHEEM BYRD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Date Submitted:  July 31, 2023
Date Decided:  September 25, 2023

## <u>ORDER</u>

Upon consideration of Defendant Kysheem Byrd's "Motion for Sentence Modification" ("Motion"), Superior Court Criminal Rule 35(b)[1], statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)     On November 9, 2017, Byrd pled guilty to one count of Home Invasion, one count of Possession of a Firearm During the Commission of a Felony ("PFDCF"), and one count of Conspiracy in the Second Degree ("Conspiracy Second Degree").[2]  For the Home Invasion, effective June 23, 2016, Byrd was sentenced to 6 years of unsuspended Level V time.[3]  For the PFDCF, Byrd was sentenced to 3 years unsuspended Level V time.[4]  And for the Conspiracy Second

---

[1] *See* Super. Ct. Crim. R. 35(b).
[2] D.I. 36.
[3] Byrd's sentence for the Home Invasion is as follows: 17 years at Level V supervision, suspended after 6 years at supervision Level V for 6 months supervision Level IV, followed by 1 year at supervision Level III. *Id.*
[4] *Id.*

Degree, Byrd was sentenced to 6 months at Level III probation.[5]

(2) On July 14, 2023, Byrd filed the instant Motion seeking modification of his sentence pursuant to Rule 35(b).[6] He asks the Court to discharge the remainder of his Level IV and Level III sentence "in the interest of ensuring Movant[']s continued fluid and positive momentum."[7] In the alternative, he requests a transfer to Pennsylvania to serve the remainder of his sentence.[8] In support of his Motion, Byrd cites his detainer in his Pennsylvania home in which he has a 3-6 year sentence remaining, his support system in Pennsylvania, and his model behavior and productivity while incarcerated.[9]

(3) The State filed its Response to Byrd's Motion on July 31, 2023, opposing modification.[10] The State claims Byrd's Motion is time-barred and raises no grounds for the imposition of an illegal sentence.[11] The State maintains should the Court find Byrd's Motion is not time-barred, then the Court would be statutorily

---

[5] Byrd's sentence for the Conspiracy Second Degree is as follows: 2 years at supervision Level V, suspended for 6 months at Level III. Level III probation on the Conspiracy Second Degree was to run concurrent with his Level III probation under his Home Invasion charge. *Id*.
[6] D.I. 41.
[7] *Id*.
[8] *Id*. The State addressed Byrd's request for transfer in their response and stated Pennsylvania will not process a request for transfer until Byrd is released from incarceration on probation. In his Motion, Byrd maintains his release from incarceration at Level V supervision was to take place on August 4, 2023. His subsequent release occurred after the State submitted their response. At the time of this Order, Byrd has since been released from Level V supervision in Delaware and was transferred to Pennsylvania. Therefore, Byrd's plea of transfer to Pennsylvania is rendered moot.
[9] *Id.*
[10] D.I. 43.
[11] *Id.*

barred from removing all Level IV and Level III time pursuant to 11 *Del. C.* § 4204(l).[12] The statute imposes the minimum custodial supervision time when Level V custody totals 1 year or more.[13]

(4) Rule 35(b) governs motions for modification or reduction of sentence.[14] "Under Rule 35(b), a motion for sentence modification must be filed within 90 days of sentencing, absent a showing of 'extraordinary circumstances.'"[15] Rule 35(b) also mandates that "[t]he [C]ourt *will not* consider repetitive requests for reduction of sentence."[16] "[T]his bar is absolute and flatly 'prohibits repetitive requests for reduction of sentence.'"[17]

(5) Byrd's Motion is procedurally barred as untimely and repetitive.[18]

(6) Byrd was sentenced on November 9, 2017, and filed the instant Motion on July 14, 2023, well outside the 90-day filing deadline.[19] The Court does not find Byrd's arguments pertaining to his good behavior and familial connection to

---

[12] *Id.*
[13] *Id.; see also* 11 *Del. C.* § 4204(l).
[14] Super. Ct. Crim. R. 35(b).
[15] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit).
[16] Super. Ct. Crim. R. 35(b) (emphasis added).
[17] *State v. Redden*, 111 A.3d 602, 609 (Del. Super. 2015) (quoting *Thomas v. State,* 2002 WL 31681804, at *1 (Del. Nov. 25, 2002)).
[18] *See* Super. Ct. Crim. R. 35(b).
[19] D.I. 36, 41.

Pennsylvania sufficient to establish an extraordinary circumstances exception.[20] Therefore, the 90-day deadline will not be extended.

(7)    Further, Byrd filed his *first* Motion for Sentence Reduction and Modification on February 26, 2018.[21]   On April 19, 2018, the Court denied his request.[22]   On January 24, 2020, Byrd filed his *second* Motion for Modification[23] which was denied as repetitive on February 6, 2020.[24]

(8)    Pursuant to Rule 35(b), the Court finds Byrd's *third* Motion for Modification repetitive, and thus barred under Rule 35(b).[25]

(9)    Because the Motion is untimely and repetitive, the State's argument that the Court is statutorily barred from discharging Byrd's minimal custodial supervision time imposed by 11 *Del. C.* § 4204(l) need not be addressed.[26]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Kysheem Byrd's Motion for Sentence Modification is **DENIED**.

_____/s/ Jan R. Jurden_____
Jan R. Jurden, President Judge

---

[20] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of imposition of a sentence").

[21] D.I. 37.

[22] D.I. 38.

[23] D.I. 39.

[24] D.I. 40; *see also* Super. Ct. Crim. R. 35(b).

[25] Super. Ct. Crim. R. 35(b).

[26] 11 *Del. C.* § 4204(l).

Original to Prothonotary

cc:    Kysheem Byrd, Defendant
       Matthew Hicks, DAG