**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
     v. )    ID Nos. 1910005724 & 2005007193
)
Jose A. Perez-Lugo, )
)
     Defendant, )

Date Submitted: August 1, 2023
Date Decided: October 3, 2023

**<u>ORDER</u>**

Upon consideration of Defendant Jose Perez Lugo's "Motion to Modify No Contact Provision" ("Motion"), the State's response,[1] Superior Court Criminal Rule 35(b)[2], statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)    On September 16, 2021, Perez-Lugo pled guilty to the following charges: Assault 2nd Degree, IN20-02-1018; Noncompliance with Conditions of Bond, IN20-12-0007; and Endangering the Welfare of a Child, IN20-01-0167.[3] By Order dated November 3, 2021, Perez-Lugo was sentenced as follows: As to Assault 2nd Degree, 8 years at Level 5, suspended after 1 year at Level 5, for 7 years Level 4 DOC discretion, suspended after 6 months Level 4 DOC discretion for 18 months

---

[1] D.I. 17.
[2] Super. Ct. Crim. R. 35(b).
[3] D.I. 15.

Level 3, hold at Level 5 until space is available at Level 4 DOC discretion. As to Noncompliance with Conditions of Bond, 5 years Level 5 suspended after 1 year at Level 5, for 18 months at Level 3. As to Endangering the Welfare of a Child, 1 year Level 5 suspended for 1 year at Level 3. Perez-Lugo is to have no contact with Rebecca Angeline or Brianne Eichman.[4] Brianne Eichman has two children with Perez-Lugo: Cameron Perez (DOB 9/25/20) and Amelia Perez (DOB 12/20/21).[5]

(2)     On August 1, 2023, Perez-Lugo filed this Motion asking the Court to modify the "no contact" provision between him and Brianne Eichman to a "no unlawful contact" provision.[6]  In support of his request, Perez-Lugo cites Ms. Eichman's strong desire to co-parent upon his release to the community, her enrollment in a domestic violence program, and utilization of therapy efforts to discuss what is necessary for a healthy relationship with the father of her children.[7]

(3)     On September 25, 2023, the State filed its response to the Perez-Lugo's motion.[8] The State is opposed to a modification from "no contact" to "no unlawful contact," but is not opposed to the Court modifying the no contact order to read: "No contact with Brianne Eichman except pursuant to a valid Family Court order.[9]

---

[4] *Id.*
[5] *Id.*
[6] D.I. 17.
[7] *Id.*
[8] *Id.*
[9] *Id.*

(4) Rule 35(b) governs motions for modification or reduction of sentence.[10] "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[11] However, under Rule 35(b), a motion for modification of partial confinement or probation, is not procedurally barred by the 90-day requirement.[12]

(5) Although the State is not opposed to modifying the no contact order to "no contact except pursuant to a valid Family Court order,"[13] the State remains concerned about the victim's safety.[14] Further, because Perez-Lugo committed a violation approximately two months after being released from Level 5 custody, and the State is unable to contact the victim, the State is not optimistic Perez-Lugo can engage in lawful behavior.[15]

(6) Given the State's concerns, Perez-Lugo's violation of probation, and the State's inability to speak with the victim about the modification request, the Court declines to modify the no-contact provision of Perez-Lugo's sentence.

---

[10] Super. Ct. Crim. R. 35(b).

[11] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit).

[12] *State v. Redden,* 111 A.3d 602, 606 (Del. Super. 2015) (affirming the Superior Court's ability to reduce the term or condition of partial confinement or probation at any time).

[13] D.I. 17.

[14] *Id.*

[15] *Id. See State v. Gerleve*, 2021 Del. Super. LEXIS 382 (Del. Super. Ct. 2021) (denied modification of no contact provision where Defendant was arrested and faced subsequent charges and State attempted to reach the mother of the victim but was unable to do so).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's

Motion for Modification of Sentence is **DENIED**.


          <u>/s/ Jan R. Jurden</u>

          Jan R. Jurden, President Judge


cc:  Original to Prothonotary
    Jenna R. Milecki, DAG