**SUPERIOR COURT
OF THE
STATE OF DELAWARE**

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Date Submitted:  November 27, 2023
Date Decided:  December 11, 2023

Mr. Ramon A. Ruffin
SBI No. 322923
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Mr. Stephen Welch, Jr., Esquire
Deputy Attorney General
Department of Justice
102 W. Water Street
Dover, Delaware 19904

> RE:  *State v. Ramon A. Ruffin*
> ID. No. 1312005545A
> *Application Seeking Reduction or Modification of Sentence*

Dear Messrs. Ruffin and Welch:

The Court is in receipt of Mr. Ruffin's application which he captions a "Motion to *Nolle Prosequi* the Following Indictments and Sentences" (D.I. 80), the State's response thereto (D.I. 83), and Mr. Ruffin's reply (D.I. 85).

## PROCEDURAL HISTORY

After a five-day jury trial in October 2014, Mr. Ruffin was convicted of one count of Attempted Robbery First Degree, three counts of Possession of a Firearm During Commission of a Felony ("PFDCF"), one count of Assault Second Degree (as an included offense of the indicted first-degree assault count), one count of Aggravated Menacing, one count of Receiving a Stolen Firearm, one count of Disregarding a Police Officer's Signal and one count of Resisting Arrest.[1]

---

[1]  Verdict, *State v. Ramon A. Ruffin*, ID No. 1312005545A (Del. Super. Ct. Oct. 29, 2014) (D.I. 25 & 29).  A full recounting of Mr. Ruffin's brutal pistol-whipping and attempted robbery of

His sentencing occurred on January 15, 2015, after a presentence investigation had been completed and the State had filed a habitual criminal petition.[2] Mr. Ruffin was sentenced as follows: for Attempted Robbery First Degree (IK13-12-0387)—25 years at supervision Level V to be served under the then-extant provisions of 11 *Del. C.* § 4214(a);[3] for PFDCF (IK13-12-0389)—25 years at supervision Level V to be served under the then-extant provisions of 11 *Del. C.* § 4214(a); for Assault Second Degree (IK13-12-0388)—8 years at supervision Level V to be served under the then-extant provisions of 11 *Del. C.* § 4214(a); for PFDCF (IK13-12-0368)—25 years at supervision Level V to be served under the then-extant provisions of 11 *Del. C.* § 4214(a); for Aggravated Menacing (IK13-12-0391)—5 years at supervision Level V to be served under the then-extant provisions of 11 *Del. C.* § 4214(a); for PFDCF (IK13-12-0369)—25 years at supervision Level V to be served under the then-extant provisions of 11 *Del. C.* § 4214(a); for Receiving a Stolen Firearm (IK13-12-0392)—3 years at supervision Level V suspended in whole for 1 year

---

McDonald's restaurant owner, Robert Cocozzoli, underlying these convictions and resultant sentence can be found in earlier decisions resolving Mr. Ruffin's prior post-verdict attacks on them. *See, e.g., Ruffin v. State*, 131 A.3d 295, 297-99 (Del. 2015) (direct appeal) (*Ruffin I*); *State v. Ruffin*, 2018 WL 2202278, at *1-3 (Del. Super. Ct. May 9, 2018) (Commissioner's report recommending of denial of first postconviction motion) (*Ruffin II*).

2    The State had first filed a petition seeking sentencing under then-extant 11 *Del. C.* § 4214(b) (D.I. 27)—which would have required imposition of multiple natural life sentences—but later substituted a request for application of then-extant 11 *Del. C.* § 4214(a) (D.I. 31)—which permitted sentencing to a term of years.

3    *See* DEL. CODE ANN. tit. 11, § 4214(a) (2013) ("[A]ny person sentenced pursuant to this subsection shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this Title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the fourth or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title.").

Level IV-Work Release; for Disregarding a Police Officer's Signal (IK13-12-0393)—2 years at supervision Level V suspended in whole for 1 year Level III; and for Resisting Arrest (IK13-12-0394)—1 year at supervision Level V suspended in whole for 1 year Level III.[4]

Mr. Ruffin's convictions and sentences were affirmed on direct appeal.[5] And he has been unsuccessful in his attempts to obtain collateral relief therefrom.[6]

### MR. RUFFIN'S CURRENT ATTEMPT TO REDUCE HIS PRISON TERM

Mr. Ruffin filed his latest challenge to his convictions and sentence asking "the court in connection with Senate Resolution No. #32 Nolle Prosequi two counts of the weapons offenses and § 3901(d) along with § 4214 administration Directive No. 2017-5 in relations the Multiple sentences modified into one concurrent sentence."[7]

As Mr. Ruffin recently clarified in his reply, he "is seeking nolle prosequis on the imposition of the three state sought PFCDF charges, because their stacked

---

[4]    Corr. Sentencing Order, *State v. Ramon A. Ruffin*, ID No. 1312005545A (Del. Super. Ct. Jan. 15, 2015) (D.I. 28); *id.* (D.I. 51, and 84).

[5]    *Ruffin I*, 131 A.3d at 308.

[6]    *See, e.g.*, *Ruffin II*, 2018 WL 2202278, *aff'd*, 2019 WL 719038 (Del. Feb. 19, 2019); *Ruffin v. May*, 2023 WL 2810063 (D. Del. Apr. 6, 2023) (denial of federal habeas relief).

[7]    Def. Sent. Red. Mot. at 3 (D.I. 80). Throughout Mr. Ruffin's pleading, he invokes as support: Del. S.C.R. 32, 152nd Gen. Assem. (2023) (State Senate Resolution—"Proclaiming April 2023 as 'Second Chance Month' in the State of Delaware"); DEL. CODE ANN. tit. 11, § 3901(d) (2023) (which, in its amended version effective as of June 25, 2019, now allows a judge imposing sentences for the violent felonies of which Mr. Ruffin was convicted the discretion to order those sentences be served concurrently); Del. Super. Ct. Spec. R. 2017-1 (procedural rules for consideration of sentence modification petitions filed under 11 *Del. C.* § 4214(f)); and a Delaware Department of Justice Internal Policy Memorandum authored by the Attorney General on February 15, 2019 and entitled *Fairness and Equality in the Criminal Justice System: Internal Policies* (https://news.delaware.gov/files/2019/02/Memo-Internal-Policy-Changes-2.15.pdf last accessed Dec. 10, 2023).

charges and sentences, or the court run the sentences concurrent to each other, Eliminating the death behind bars sentences given to Mr. Ruffin."[8]  So at bottom, Mr. Ruffin suggests the Court engage certain means—dismissal of counts and concurrent sentencing—to reduce his sentence.

### THE RELIEF MR. RUFFIN SEEKS IS EITHER INCOGNIZABLE OR OTHERWISE UNAVAILABLE TO HIM

"When addressing any species of sentencing reduction or modification request, the Court first identifies the specific procedural mechanism the inmate attempts to invoke; it must then determine whether that mechanism is available under the circumstances."[9]

There are few instances where this Court is empowered to dismiss or vacate a conviction obtained by verdict of a jury or upon plea of guilt.[10]  And Mr. Ruffin cites no statute, case, or rule that would allow the Court to now simply strike certain convictions and their sentences to effect sentence reduction.[11]  Indeed, any

---

[8]  Def. Reply at 3 (errors in original) (D.I. 85).  While Mr. Ruffin earlier cited the procedural rule for § 4214(f) application, he now acknowledges that he "is not petitioning for 11 Del. C. § 4214(f) review . . . [he] is not time-served eligible to seek relief pursuant to that Statue and is not petitioning for review." *Id.*  In this reply, Mr. Ruffin also asks that the Court "hold any decisions in this matter until the Court decides the Constitutionally of Delaware's life behind bars 'Death by incarceration' sentencing scheme." *Id.* (errors in original).  But Mr. Ruffin does not tell the Court where or how such a challenge is presently posed.  The Court must, therefore, decide the motion Mr. Ruffin has filed.

[9]  *State v. Brown*, 2022 WL 14781911, at *1 (Del. Super. Ct. Oct. 26, 2022), *aff'd*, 2023 WL 1808446 (Del. Feb. 7, 2023) (internal quotations omitted).

[10]  *See, e.g.,* Super. Ct. Crim. R. 61 (allowing for vacatur of a conviction only upon a finding by the Court that "the court lacked jurisdiction" or "that [there] is a sufficient factual and legal basis for a collateral attack upon" that conviction).

[11]  Mr. Ruffin's rumination that he might not be subjected to the same prosecutorial decisionmaking were he to be tried and sentenced now is of little moment.  The State is defending the sentence Mr. Ruffin is actually serving and opposes his request to reduce it. *See* D.I. 83.

recognizable sentence reduction mechanism, "presupposes a valid conviction and sentence."[12] Thus, Mr. Ruffin's prayer for the Court to "*nolle prosequi*" counts as a means of sentence reduction is incognizable.

While again, he cites no rules-based, statutory, or caselaw authority in his meager pleading, the relief Mr. Ruffin wants—cutting time from his imprisonment—is no doubt governed by this Court's Criminal Rule 35(b).[13]

"Rule 35(b) requires that an application to reduce imprisonment be filed promptly – i.e. within 90 days of the sentence's imposition – 'otherwise, the Court loses jurisdiction' to act thereon."[14] To overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his or her own motion must demonstrate "extraordinary circumstances."[15]

"Rule 35(b) is not now, nor ever has been, an instrument for reexamination of previously imposed sentences in light of subsequent statutory changes."[16] And so, such subsequent statutory, prosecutorial, or sentencing policy changes simply do not

---

[12] *Brown*, 2022 WL 14781911, at *1 (quoting *State v. Henry*, 2022 WL 4112850, at *3 (Del. Super. Ct. Sept. 9, 2022)). *See*, *e.g.*, *State v. Walsh*, 2016 WL 7191539, at *2 (Del. Super. Ct. Dec. 12, 2016) ("[A] motion to reduce a sentence under Rule 35(b) presupposes a valid conviction and sentence proceedings. It is not a vehicle to attack the validity of the conviction or related proceedings." (citations omitted)); *State v. Rivera*, 2014 WL 3894274, at *2 (Del. Super. Ct. Aug. 11, 2014) (citing cases).

[13] Super. Ct. Crim. R. 35(b) (providing that, if certain requirements are met, the Court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[14] *State v. Redden*, 111 A.3d 602, 607 (Del. Super. Ct. 2015) (internal citations omitted).

[15] *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphasis added).

[16] *State v. Thomas*, 220 A.3d 257, 261 (Del. Super. Ct. 2019).

meet Rule 35's "extraordinary circumstance" criterion.[17]   More to the point, "application of the 2019 Amended Sentencing Act to modify the terms of Mr. [Ruffin]'s pre-existing sentence and to order each separate period of his confinement to run (or deem those periods to have been running) concurrently is prohibited."[18]

### CONCLUSION

For the above reasons, Mr. Ruffin's request for a reduction of his prison term is **DENIED**.

**IT IS SO ORDERED**.

**Paul R. Wallace, Judge**

Original to Prothonotary-Kent County

---

[17]   *Id.* at 262-63.

[18]   *State v. Caulk*, 2021 WL 2911768, at *3 (Del. Super. Ct. July 12, 2021).