# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1601011422 |
| | ) | |
| BRIAN LIVINGSTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Date Submitted: January 29, 2024
Date Decided: March 18, 2024

## ORDER

Upon consideration of Defendant Brian Livingston's ("Livingston") Motion for Sentence Modification ("Motion"),[1] Superior Court Criminal Rule 35(b), statutory and decisional law, and the record, **IT APPEARS THAT:**

(1)    Livingston pled guilty to Manslaughter, Robbery Second Degree, and Conspiracy Second Degree on September 14, 2016.[2]  By Order dated March 24, 2017, effective January 17, 2016, the Court sentenced Livingston as follows: for Manslaughter, 25 years at Level V,[3] suspended after 12 years for decreasing levels of supervision; for Robbery Second Degree, 5 years at Level V, suspended for 18 months at Level III; and for Conspiracy Second Degree, 2 years at Level V,

---

[1] D.I. 39.
[2] D.I. 5.
[3] The first two years of this sentence are mandatory pursuant to 11 *Del. C.* § 632.

1

suspended for 18 months at Level III.[4]  Livingston did not file a direct appeal.

(2)     On September 21, 2022, Livingston filed a combined Motion for Sentence Modification and Postconviction Relief.[5]  By Order dated November 21, 2022, the Court denied Livingston's Motion for Sentence Modification and Postconviction Relief.[6]  Livingston appealed, and the Supreme Court affirmed the Superior Court's denial on April 20, 2022.[7]

(3)     Livingston filed the instant Motion on January 29, 2024.[8]  In his Motion, Livingston claims that the Court erred in denying his November 2022 Motion for Sentence Modification.[9]  Livingston claims his age is a basis for relief from the Rule 35(b) 90-day time limitation under the extraordinary circumstances exception.[10]

(4)     Superior Court Criminal Rule 35(b) governs motions for modification of sentence.[11]  The purpose of Rule 35(b) is to "provide a reasonable period for the Court to consider alteration of its sentencing judgments."[12]  Rule 35(b) contains procedural bars for timeliness and repetitiveness.[13]  Under Rule 35(b), the "[C]ourt

---

[4] D.I. 12.  The Court imposed concurrent probation for all three offenses. *Id.*
[5] D.I. 32.
[6] D.I. 33.
[7] D.I. 38.
[8] D.I. 39.
[9] *Id.*
[10] *Id.*
[11] Super. Ct. Crim. R. 35(b).
[12] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. 2014).
[13] Super. Ct. Crim. R. 35(b).

may reduce a sentence of imprisonment on a motion made within 90 days after the sentence was imposed" and will consider untimely motions "only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217."[14] Furthermore, the Court cannot modify the minimum mandatory portion of a sentence.[15]

(5) Livingston's instant Motion is procedurally barred. As stated in the Court's previous November 21, 2022 Order, his Motion is untimely.[16] Livingston's Motion is also barred as repetitive since this is his *sixth* motion for sentence modification.[17]

(6) While Livingston claims the Court has not taken into account that he was 17 at the time he committed the offenses, the Court did take his age into account at the time of sentencing and throughout the numerous motions Livingston has filed.[18] Further, extraordinary circumstances are those that must specifically justify the delay in filing, be beyond the movant's control, and be the reason that the movant is prevented from timely filing.[19]

---

[14] *Id.*

[15] 11 *Del. C.* § 4204(d); D.I. 27.

[16] D.I. 33.

[17] Livingston has submitted five previous motions for sentence modification. *See* Def.'s First Rule 35(b) Mot., D.I. 13; Def.'s Rule 35(a) Mot., D.I. 17; Def.'s Mot. for Modif., D.I. 19 (D.I. 19 was not made under any of the Delaware Superior Court Rules of Criminal Procedure, but rather referenced 11 *Del. C.* § 4204A(d)(1).); Def.'s Second Rule 35(b) Mot., D.I. 23; Def.'s Third Rule 35(b) Mot., D.I. 32. The Court denied all five prior motions. *See* Order Den. Def.'s First Rule 35(b) Mot., D.I. 16; Order Den. Def.'s Rule 35(a) Mot., D.I. 18; Order Den. Def.'s Mot. for Modif., D.I. 22; Order Den. Def.'s Second Rule 35(b) Mot., D.I. 2; Order Den. Def.'s Third Rule 35(b) Mot., D.I. 33.

[18] *See id.*

[19] *State v. Redden*, 111 A.3d 602, 607 (Del. Super. 2015).

(7)     Because Livingston's age at the time of this offense was not the cause of his untimely filing, the Court finds that Livingston has not provided any extraordinary circumstances that would allow the Court to bypass the Rule 35(b) time-bar.  Further, the Court finds the sentence is appropriate for all the reasons stated at the time of sentencing.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Livingston's Motion for Sentence Modification is **DENIED**.

**IT IS SO ORDERED.**


                                         /s/ Jan R. Jurden
                                    Jan R. Jurden, President Judge


cc:     Original to Prothonotary
        Brian J. Robertson, DAG
        Brian Livingston (SBI # 00741658)

4