**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 2207015080 |
| | ) | |
| MARK KENNEY, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: February 8, 2024
Date Decided: March 18, 2024
Date Corrected: March 20, 2024[1]

**<u>ORDER</u>**

Upon consideration of Defendant Mark Kenney's ("Kenney") Motion for Modification of Partial Confinement or Probation ("Motion"),[2] Superior Court Criminal Rule 35(b),[3] statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)     On March 13, 2023, Kenney pled guilty to Forgery Second Degree and Conspiracy Second Degree.[4]  That same day, Kenney was sentenced as follows: for Forgery Second Degree (IN22-08-0800), 1 year Level V suspended after 23 days for

---

[1] Correction made only to the ID number.
[2] D.I. 16.
[3] Super. Ct. Crim. R. 35(b).
[4] D.I. 6.

1 year at Level III; and for Conspiracy Second Degree (IN22-08-0801), 2 years at Level V suspended for 1 year at Level III.[5]

(2)     On January 3, 2024, a Violation of Probation ("VOP") hearing was held.[6]  At the VOP hearing, Kenney was found in violation of the terms of his probation and sentenced as follows: for Forgery Second Degree VOP (VN22-08-0800-01), 2 years at Level V, suspended for 1 year at Level IV, suspended after successful completion for 6 months Level III; and for Conspiracy Second Degree VOP (VN22-08-0801-01), 2 years at Level V, suspended after 6 months at Level III, probation to run concurrent.[7]

(3)     On February 8, 2024, Kenney filed the instant Motion asking the Court to flow him down from Level IV to Level III so he can receive treatment at Banyan and upon successful completion of the program, transition him to 9 months of Level III GPS monitoring.[8]

(4)     Rule 35(b) governs motions for modification or reduction of sentence.[9] "A motion for modification of partial confinement or probation is not subject to the ninety-day limitation applicable to a motion for reduction of imprisonment."[10]

---

[5] D.I. 11.
[6] D.I. 15.
[7] *Id*.
[8] D.I. 16.
[9] Super. Ct. Crim. R. 35(b).
[10] *State v. Baily*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017); *State v. Redden*, 111 A.3d 602, 609 (Del. Super. 2015).

Under 11 *Del. C.* § 4333, any probation or suspension of sentence may be terminated at the Court's discretion.[11]

(5)     The Court's authority to grant relief under Rule 35(b) is discretionary.[12] Rule 35(b) does not provide specific considerations the Court must consider, rather "the Court exercises broad discretion in determining whether a situation or set of individual factors can be viewed."[13]

(6)     In support of his Motion, Kenney cites that his mother has stage 3 lung cancer, and he would like to be with her while he still has a chance.[14]  Kenney claims that he is not receiving the help he needs from the Road to Recovery and that he is now on medically assisted treatment.[15]

(7)     The Level IV confinement imposed by the Court was ordered after a VOP hearing during which the Court found Kenney had violated the terms of his probation.  The Court notes that at the time of the violation, Kenney was involved with a Level III treatment program where he continued to fail drug tests and was non-compliant with treatment.  This non-compliance was the basis for his VOP.  No information has been provided to the Court that would warrant the modification sought.  The sentence is appropriate for all the reasons stated at the VOP hearing.

---

[11] *Id.*
[12] *Id.*
[13] *State v. Redden*, 111 A.3d 602, 609 (2015).
[14] D.I. 16.
[15] *Id.*

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Mark Kenney's

Modification of Partial Confinement or Probation is **DENIED**.


**IT IS SO ORDERED.**


__/s/ Jan R. Jurden__
Jan R. Jurden, President Judge

cc:    Original to Prothonotary
        Samuel B. Kenney, DAG
        Mark Kenney (SBI # 00427159)