**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
)
v. )  I.D. NO.:  2010007363
)
)
Silkilya Stewart )
)
Defendant. )
)

## **ORDER**

On this 21st day of October, 2024, upon consideration of Defendant Silkilya Stewart's ("Defendant") *pro se* Motion for Sentence Modification (the "Motion"), the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.  On June 26, 2024, Defendant was sentenced to six months at Level IV Department of Correction discretion, followed by one year at supervision Level III, for violating the terms of her probation.[1]

2. On August 1, 2024, August 17, 2024, and September 11, 2024, Defendant sent letters to this Court, requesting a reduction of the Level IV portion of her

---

[1] D.I. 20 (Sentence Order).

sentence (collectively, the "Letters").[2] Although Defendant does not specifically reference Superior Court Criminal Rule 35(b) ("Rule 35(b)") in the Letters, she is ostensibly seeking to reduce her sentence.[3] Under Delaware law "[t]here is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35(b), to reduce or modify a sentence."[4] A request for leniency and a reexamination of sentencing is "precisely the stuff of which a proper and timely Rule 35(b) motion is made."[5]

3. The Letters, taken together, constitute Defendant's first request to reduce her sentence. Additionally, the request is not time barred, "[t]he court may…reduce the fine or term or conditions of partial confinement or probation, at any time."[6] Hence, there is no applicable procedural bar, and the Court must turn to the merits of Defendant's request.

4. The purpose of Rule 35(b) is to provide this Court with an opportunity to consider alteration of its sentencing judgment.[7] After a thorough review of its sentence, the substance of Defendant's request, and the record in this case, the Court finds the Level IV sentence, and its remaining time, appropriate.

---

[2] D.I. 21 (First Letter); D.I. 22 (Second Letter); D.I. 23 (Third Letter).
[3] *Id.*
[4] *State v. Desmond*, 2019 WL 6699815, at *1 (Del. Super. Nov. 27, 2019) (quoting *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003).
[5] *State v. Remedio*, 108 A.3d 326, 331–32 (Del. Super. 2014).
[6] Super. Ct. Crim. R. 35(b).
[7] *State v. Redden*, 111 A.3d 602, 607 (Del. Super. 2015).

5. Accordingly, the Court concludes that Defendant's sentence is proper for all the reasons stated at the time of sentencing. Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:    Silkilya Stewart (SBI# 00648442)