**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. # 1410006032 |
| | ) | |
| KEVIN M. BUNKE, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: September 27, 2024
Decided: November 12, 2024

**ORDER DENYING KEVIN M. BUNKE'S
MOTION FOR SENTENCE REDUCTION**

Having considered Kevin M. Bunke's ("Bunke") Motion for Sentence Reduction (the "Motion"), for the following reasons, the Motion is **DENIED**.

***Factual and Procedural Background***

1. On June 3, 2015, Bunke pled guilty to Reckless Endangerment, Driving Under the Influence ("DUI") of Drugs, Theft of a Motor Vehicle, and Second-Degree Vehicular Assault. On June 24, 2016, effective October 9, 2014, Bunke was sentenced as a habitual offender pursuant to 11 *Del. C.* § 4214(a)[1] as follows: (1) Reckless Endangerment, 8 years at Level V; (2) Second Degree Vehicular Assault, 1

---

[1] *Bunke v. State*, 154 A.3d 1167 (TABLE), 2017 WL 446891, at *1 (Del. Jan. 17, 2017).

year at Level V, suspended immediately for 1 year at Level III; and (3) DUI, 1 year at Level V, suspended immediately for 1 year at Level III.[2]

2.    On July 25, 2016, Bunke filed a Motion for Sentence Modification. On August 4, 2016, the Court denied the First Motion, finding that the sentences imposed were appropriate.[3] On January 19, 2017, Bunke filed a second Motion of Sentence Modification, which was also denied.[4]

3.    On March 9, 2022, Bunke was found to be in violation of probation ("VOP") and was ordered to serve the remaining Level V and III time from his original sentence.[5] Bunke filed two subsequent Motions for Sentence Modification challenging the March 2022 VOP sentencing.[6] The Court denied both, finding that Bunke's sentences remained appropriate. [7]

### *The Motion*

4.    In June 2023, Bunke absconded from probation. A capias was issued, and Bunke was incarcerated on August 10, 2024.

5.    On August 13, 2024, Bunke was found to be in violation of probation.[8] He was sentenced on August 21, 2024, effective August 10, 2024, to 1 year and 6

---

[2] D.I. 11.
[3] D.I. 18.
[4] D.I. 26.
[5] D.I. 43.
[6] D.I. 47, 49.
[7] D.I. 48, 50.
[8] D.I. 66.

months at Level V, suspended immediately for 6 months at Level IV.[9]  On September 27, 2024, Bunke filed the Motion, challenging his August 2024 VOP sentence.

6.     Bunke seeks to reduce his sentence to time served, pending his completion of The Way Home Program.[10]  In support, Bunke states that his girlfriend needs his assistance as a home health aide.  He also reports that he has a job as a painter after release and plans to complete community service.

*Analysis*

7.     A motion to modify or reduce a sentence is governed by Superior Court Criminal Rule 35(b).  It provides that the Court "may reduce the term or conditions of partial confinement at any time."[11]  "Rule 35(b) places the burden of proof on the movant to establish cause to modify a lawfully imposed sentence."[12]  While the rule does not specify specific criteria for a movant to satisfy in meeting this burden, "common sense dictates that the Court may modify a sentence if present circumstances indicate that the previously imposed sentence is no longer appropriate."[13]  Rule 35(b) "flatly prohibits repetitive requests for reduction of sentence."[14]

---

[9] D.I. 66.
[10] D.I. 69.
[11] *State v. Conyer*, 2024 WL 1526624, at *1 (Del. Super. Apr. 9. 2024), quoting Super. Ct. Crim. R. 35(b) (cleaned up).
[12] *Id.*
[13] *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017).
[14] *State v. Robinson*, 2024 WL 1192973, at *2 (Del. Super. Mar. 18, 2024), citing *State v. Redden*, 111 A.3d 602, 609 (Del. Super.), *as corrected* (Apr. 17, 2015).

3

8.     The Motion is Bunke's first challenging the August 2024 VOP sentence.  There is no time limitation on seeking modification of partial confinement. Thus, his motion is not procedurally barred.

9.     Bunke absconded from probation for over a year.  The Court continues to find the August 2024 sentence appropriate.  While the Court is sympathetic to Bunke's desire to assist his girlfriend, "familial . . . hardships [are not a basis] for granting a Rule 35 motion."[15]  Bunke has not presented compelling evidence that warrants modification of the sentencing.  Thus, the Motion is **DENIED**.

**IT IS SO ORDERED.**

 */s/ Kathleen M. Miller*
Kathleen M. Miller, Judge

cc: Original to prothonotary
Kevin M. Bunke, SBI # 00776708
Matthew A. Moore, Probation Officer

---

[15] *State v. Jiminez*, 2020 WL 5117944, at *3 (Del. Super. Aug. 31, 2020).

4