# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,           )
                             )
        v.                   )        ID No. 1103018874
                             )
KENDALL SMITH,               )
                             )
        Defendant.           )

## ORDER

On this 12th day of March, 2026, upon consideration of Kendall Smith's ("Defendant")[1] *pro se* Motion to Modify Sentence (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure ("Rule") 35(b),[2] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.      On December 16, 2011, Defendant pled guilty to Murder in the Second Degree.[3]  On March 16, 2012, the Court sentenced him to forty years of Level V supervision, suspended after thirty years for six months of Level IV Supervision (DOC Discretion), followed by two years of Level III supervision.[4]

2.      Over the next thirteen years, Defendant filed a series of motions for sentence modification or reduction pursuant to Rule 35(b), each of which was denied or summarily dismissed by the Court.[5]  On August 21, 2024, the Court summarily

---

[1] Defendant is described elsewhere in the record as "Kendell Smith." *See e.g.*, D.I. 108.
[2] D.I. 114.
[3] D.I. 25.
[4] D.I. 46.
[5] *See* D.I. 49, 50, 100, 101, 102, 103, 104, 107, 108, 109, 110, 111, 112.

dismissed the most recent of those motions because it was procedurally barred as repetitive.[6]

3.      On December 18, 2025, Defendant filed the instant Motion, in which he requests that the Court reduce his remaining term at Level V by "suspending any period that this Court finds appropriate under the circumstances."[7]  In support of this sentence reduction, Defendant asserts that he has been the victim of unlawful force by Department of Corrections Officers, that he has been rehabilitated during his term of incarceration, and that a reduction is necessary for him to be a useful, law-abiding citizen and to eliminate detriments to his mental health.  Defendant labels each of these grounds "extraordinary circumstances."

4.      The Court considers motions for modification of sentence under Rule 35(b).  Before addressing the merits of a motion, the Court first considers the applicable procedural bars.[8]

5.      Rule 35(b) mandates that the Court will not consider repetitive requests for sentence reduction.[9]  A Rule 35(b) motion is considered repetitive even if the later motion raises new arguments.[10]  The bar to repetitive motions has no exception.[11]

---

[6] D.I. 113.
[7] Motion at 1.
[8] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. 2015).
[9] Super. Ct. Crim. R. 35(b).
[10] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[11] *Id.*

2

6. Defendant has previously requested reduction or modification of his sentence.[12] As mandated by Rule 35(b), this Motion is repetitive, and it cannot be considered by the Court. Hence, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

Cc: Kendall Smith (SBI#00619570)

---

[12] _See, e.g.,_ D.I. No. 113 (Order dated August 21, 2024, denying motion for modification as repetitive).