**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
)
v. ) ID No. 2504006468
)
KAYLA VICKERY, )
)
Defendant. )

**ORDER**

On this 27th day of May, 2026, upon consideration of Kayla Vickery's ("Defendant") *pro se* Motion for Sentence Modification (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure ("Rule") 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On December 9, 2025, Defendant was found in violation of her probation.[2]

2. The Court sentenced Defendant to one year of Level V time, suspended for one year at Level IV treatment, DOC discretion, suspended after completion of DOC discretion for one year at Level III.[3]

3. On February 20, 2026, Defendant filed the instant Motion requesting that the Court reduce her sentence to ninety days and then to hold at Level IV for

---

[1] Docket Item (hereinafter "D.I.") 12 (hereinafter "Mot.").
[2] Sentence Order (D.I. 11.).
[3] *Id*.

inpatient treatment at Banyan Treatment Center.[4] The basis for this request is Defendant's acceptance of her substance use problem, compliance with the Road to Recovery program and other classes, and the negative effect that treatment at the Hazel D. Plant Women's Treatment Facility is having on her mental health.[5]

4. The Court considers motions for modification of sentence under Rule 35(b). Before addressing the merits of a motion, the Court first considers the applicable procedural bars.[6] There are no applicable procedural bars, and thus the Court considers the Motion on the merits.

5. The Motion is denied. Defendant's sentence was appropriate at the time of sentencing. Indeed, the duration of the sentence is integral to the Court's overall "sentencing scheme" or "plan."[7] The Court imposed the sentence—including these express elements—after a thorough review of the crimes committed and the sentencing information available on the record. In addition, Defendant's Level IV program assignments are left to the Department of Correction's determination, and the Court will not micro-manage the Department.[8] Although the Court applauds

---

[4] Mot. p. 2.
[5] Id.
[6] State v. Redden, 111 A.3d 602, 606 (Del. Super. 2015).
[7] Id. at 609.
[8] See State v. Bolling, 2021 WL 2408426, at *4 (Del. Super. Jun. 14, 2021) (denying request to modify Level IV placement because "[the defendant's] placement and program assignment for completion of his Level IV term is a matter the Court has left to the [Department of Correction] to determine given his circumstances when he has finished the Level V portion of his sentence.").

Defendant's efforts to fully engage with her rehabilitative program, it does not provide a valid basis to modify or amend her sentence.

6. Accordingly, Defendant's Motion for Sentence Reduction is **DENIED.**

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge