**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID Nos. 2410013842 |
| | ) | 1607007011 |
| JOHN TROTTER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On this 27th day of May, 2026, upon consideration of John Trotter's ("Defendant") *pro se* Motion for Modification and Termination of Probation (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure ("Rule") 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.      On January 6, 2026, Defendant was found in violation of his probation.[2]

2.      On that same date, the Court continued Defendant's probation at Level II and ordered him to complete a drug and alcohol abstinence program and a drug and alcohol treatment program pursuant to 21 *Del. C.* § 4177(d)(9).[3]

3.      On February 25, 2026, Defendant filed the instant Motion requesting that the Court modify his probation to reflect completion as of December 22, 2025

---

[1] Docket Item (hereinafter "D.I.") 9 (hereinafter "Mot.") in Case No. 2410013842. All references to the docket hereinafter are references to the docket in Case No. 2410013842.
[2] Sentence Order (D.I. 8).
[3] *Id.*

and order termination and discharge from probation supervision.[4] The basis for this request is that Defendant timely completed a drug and alcohol evaluation, but was unable to register for DUI education classes due to the inclement weather on January 26, 2026.[5] Defendant's concern is that his probation is now being extended solely due to administrative scheduling delays.[6]

4.      The Court considers motions for modification of sentence under Rule 35(b).  Before addressing the merits of a motion, the Court first considers the applicable procedural bars.[7]  There are no applicable procedural bars, and thus the Court considers the Motion on the merits.

5.      The Motion is denied.  Defendant's sentence was appropriate at the time of sentencing.   The requirement that Defendant's  probation continue until completion of a drug and alcohol treatment program is integral to the Court's overall "sentencing scheme" or "plan."[8]  The Court imposed the sentence after a thorough review of the crimes committed and the sentencing information available on the record.  The Court declines to recalibrate an appropriate sentence on the basis provided.

---

[4] Mot. p. 2.
[5] *Id.*
[6] *Id.*
[7] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. 2015).
[8] *Id.* at 609.

6. Accordingly, Defendant's Motion for Sentence Modification is

**DENIED.**

**IT IS SO ORDERED.**

                                                                            _____
Sheldon K. Rennie, Judge