# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,              )
                               )
    v.              )              ID No. 2311009640
                               )
MARION P. HUNTER,              )
                               )
    Defendant.              )

## ORDER

On this 27th day of May, 2026, upon consideration of Marion P. Hunter's ("Defendant") *pro se* Motion to Reduce Sentence (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure ("Rule") 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On November 3, 2025, Defendant pleaded guilty to Rape Fourth Degree.[2]

2. On January 23, 2026, the Court sentenced Defendant to thirteen years and six months of Level V time, suspended after three years for six months at Level IV DOC Discretion, followed by decreasing levels of probation.[3] The Court

---

[1] Docket Item (hereinafter "D.I.") 14 (hereinafter "Mot.").

[2] D.I. 13.

[3] Effective July 8, 2025, Defendant was sentenced to thirteen years and six months at Supervision Level V, suspended after three years months for six months at Level IV (DOC Discretion), followed by three years at Level III (GPS), to be held at Level V until space available at Level IV, and held at Level IV (DOC Discretion) until space available at Level III (GPS). D.I. 15.

modified this sentence on January 29, 2026, adding a condition that Defendant have no contact with the victim, her family, or her residence.[4]

3. On February 27, 2026, Defendant filed the instant Motion requesting that the Court reduce his unsuspended Level V sentence from three to two years and reduce or alter various elements of his probation.[5] The bases for this request are Defendant's health problems, disability, prior completion of sexual disorder treatment programs,[6] his desire to stop rehashing the past, his published work, an upcoming patent, and his acceptance of responsibility for his harms.[7]

4. The Court considers motions for modification of sentence under Rule 35(b). Before addressing the merits of a motion, the Court first considers the applicable procedural bars.[8] There are no applicable procedural bars, and thus the Court considers the Motion on the merits.

5. The Motion is denied. Defendant's sentence was appropriate at the time of sentencing. Indeed, the duration of the Level V, Level IV, and Level III terms, as well as the requirements for GPS monitoring and sexual disorder treatment are all appropriate transition sentences that are integral to the Court's overall "sentencing

---

[4] D.I. 15.
[5] Mot. p. 2–3.
[6] The Court is also in receipt of Defendant's additional filing enclosing his certificates of achievement and enrollment information. *See* D.I. 16.
[7] *Id.*
[8] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. 2015).

scheme" or "plan."[9]  The Court imposed the sentence—including these express elements—after a thorough review of the crimes committed and the sentencing information available on the record.  Although the Court applauds and encourages Defendant's rehabilitative efforts, the Court declines to recalibrate an appropriate sentence on the bases provided.

6.    Accordingly, Defendant's Motion for Sentence Reduction is **DENIED.**

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge

---

[9] *Id.* at 609.